UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A CORP. DBA ROOTER MAN<br><br>        Plaintiff<br>    v.<br><br>PALMETTO GROUP INVESTMENT, LLC;<br>ROOTER MAN HOME SERVICES LLC;<br>ROOTER MAN PLUMBING OF THE<br>CAROLINAS LLC;<br>KENNETH WAYNE HART DBA PALMETTO<br>GROUP INVESTMENT, INC., ROOTER MAN<br>PLUMIBNG OF YORK, ROOTERMAN OF<br>YORK SC, ROOTER-MAN PLUMBING OF<br>THE CAROLINA'S PIEDMONT, AND<br>POODOCTORS;<br>PAIGE KILLIAN HART DBA ROOTER MAN<br>PLUMBING OF YORK, ROOTER MAN OF<br>YORK SC, AND ROOTER-MAN PLUMBING<br>OF THE CAROLINA'S PIEDMONT; AND<br>HUNTER CHASE HART<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**INTRODUCTION**

This suit is brought by Plaintiff A Corp. d/b/a Rooter Man ("A Corp."), the franchisor of the Rooter Man franchises, against Defendants Palmetto Group Investments, LLC ("Palmetto LLC"), Rooter Man Home Services LLC; Rooter Man Plumbing of the Carolinas LLC; Kenneth Wayne Hart d/b/a Palmetto Group Investment, Inc. ("Palmetto Inc."), Rooter Man Plumbing of York, Rooter Man of York SC, and Poodoctors (collectively "Kenny Hart"); Paige Killian Hart ("Paige Hart"); and Hunter Chase Hart ("Hunter Hart") (all collectively the "Defendants") for willful federal trademark infringement, false designations of origin, dilution of A Corp.'s famous

1

federal trademark, breach of the Franchise Agreement, interference with contractual relation, conversion, unjust enrichment, and breach of covenant of good faith and fair dealing.  Without A Corp.'s authorization, Defendants used A Corp.'s federally registered Rooter Man trademarks and/or logo in association with their plumbing related business services and refused to discontinue the unauthorized use after A Corp.'s cease and desist demands.  Defendants failed to comply with the Franchise Agreement and continued doing business using A Corp.'s brand and trademarks subsequent to the termination of their Franchise Agreement.

## PARTIES

1. A Corp. is a corporation, duly organized under laws of the Commonwealth of Massachusetts, with its principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts.

2. Defendant Palmetto Group Investments LLC is a South Carolina limited liability company with its principal business place at 484 Brown Rd., York, SC, 29745.  Upon information and belief, the Palmetto LLC is owned by Defendant Kenny Hart.  The contact phone number for Palmetto LLC is listed as (803) 627-7241.

3. Defendant Rooter Man Home Services LLC is a South Carolina limited liability company created on or about September 18, 2018 with its registered agent listed as "Kenneth Hart" at 484 Brown Rd., York, SC, 29745. Upon information and belief, Kenny Hart created and owns this company.

4. Defendant Rooter Man Plumbing of the Carolinas LLC is a South Carolina limited liability company created on or about August 16, 2018 with its registered agent listed as "Kenneth Hart" at 484 Brown Rd., York, SC, 29745. Upon information and belief, the Palmetto LLC is owned by Defendant Kenny Hart.  The contact phone number for this company listed with Better Business Bureau is (803) 627-7241.

5. Defendant Kenneth Wayne Hart is an individual residing at 484 Brown Rd., York, SC, 29745, who has conducted plumbing related business in the names of including without limitation Palmetto Group Investment, Inc.; Palmetto Group Investment LLC; Rooter Man Home Services LLC; Rooter Man Plumbing of the Carolinas LLC; Rooter Man Plumbing of York; Rooter Man of York SC; Rooter-Man Plumbing of the Carolina's Piedmont; and Poodoctors.

6. Defendant Paige Hart is an individual residing at 484 Brown Rd., York, SC, 29745, who is the wife of Defendant Kenny Hart and is the co-owner of the business Rooter Man Plumbing of York; Rooter Man of York SC; and Rooter-Man Plumbing of the Carolina's Piedmont.

7. Defendant Hunter Hart is an individual residing at 484 Brown Rd., York, SC, 29745 and the son of Defendants Kenny Hart and Paige Hart.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the present disputes under 28 U.S.C. §§ 1338(a) & (b).[1]  In addition, subject matter jurisdiction is satisfied based on diversity jurisdiction under 28 U.S.C. § 1332 (a)

9. This Court may exercise personal jurisdiction over Defendants pursuant to the Franchise Agreement §19.6, executed by Defendant Kenny Hart and A Corp. on or about May 2, 2018.

10. Defendants established sufficient contact with the Commonwealth of Massachusetts that personal jurisdiction over Defendants is appropriate under the Massachusetts Long-arm statute and Constitutional Due Process.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and the Franchise Agreement §19.6.

---

[1] 28 U.S.C.§ 1338(a) states that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…trademarks;" 28 U.S.C.§ 1338(b) provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under…trademark laws."

## FACTS RELEVANT TO ALL COUNTS

12. In or around 1980, A Corp.'s affiliate, Rooter Man Corp., started to use the name of Rooter Man and A Rooter Man to operate sewer and drain cleaning services in Massachusetts and the surrounding states.

13. In or around January 1981, Rooter Man Corp. designed and adopted the logo for the name of Rooter Man, and started to offer Rooter Man franchises that provided plumbing, sewer, and drain cleaning services in Massachusetts and interstate commerce.

14. In or around July 1981, Rooter Man Corp. registered the Rooter Man name/mark with the Secretary of the Commonwealth of Massachusetts, and incorporated on or about January 1, 1982.

15. A Corp. was incorporated under the A Corp. name on or about March 3, 1982 to facilitate Rooter Man Corp. in its sales of the Rooter Man franchises.

16. In 1990, Rooter Man Corp. assigned all of its rights in the Rooter Man name/mark together with its Rooter Man franchise business to Plaintiff, A Corp.

17. A Corp.'s Rooter Man franchise has consistently advertised for plumbing, sewer and drain cleaning services in major yellow page directories, such as NYNEX, currently known as Verizon yellow pages, which covered New England areas including Massachusetts and beyond.

18. Through its active use of the Rooter Man mark through the United States and worldwide, the Rooter Man name/mark has become distinctively identified in the trade with A Corp. and, in particular, with its growing reputation for plumbing, sewer, and drain cleaning services that its franchisees provide. As of December 31, 2019, A Corp. has approximately eighty nine (116) franchisees operating six hundred and sixty two (662) locations in thirty seven (40)

states and also in two (2) foreign countries forty five (51) units being operated within Canada and Bermuda.

19. A Corp. obtained registrations of multiple Rooter Man trademarks with the United States Patent and Trademark Office on the principal registration including without limitation:

    a. Rooter Man (and design) on September 3, 1991 (Reg. No. 1,655,782);

    b. Rooter Man (words only) on October 12, 2010 (Reg. No. 3,859,654);

    c. A Rooter Man to the Rescue (and design) on August 20, 1991 (Reg. No. 1,654,512);

    d. Rooter Man Plumbers to the Rescue (and design) on August 14, 2012 (Reg. No. 4,189,503);

    e. Rooter Man to the Rescue (and design) on March 17, 2020 (Reg. No. 6,013,446);

    f. Rooter Man cartoon designs on April 7, 2020 (Reg. No. 6,027,468 & 6,027,470).

20. A Corp.'s use of the Rooter Man name/mark has never been abandoned or revoked.

21. A Corp. also obtained and has maintained Rooter Man trademark registration in the State of South Carolina since January 14, 1997.

22. On or about May 2, 2018, Defendant Kenny Hart d/b/a Palmetto Inc. entered into a Franchise Agreement with A Corp. and purchased the rights to use the Rooter Man brand name and concept in certain areas in York and Gaston Counties in the State of South Carolina (the "Franchise Agreement"), which would expire on May 2, 2023.

23. Upon information and belief, Palmetto Inc. was intended to be Palmetto LLC by Defendant Kenny Hart given the identical business name and identical owner and address.

24. The phone number designated for the Rooter Man franchised business for Defendant Kenny Hart d/b/a Palmetto Inc. was (803) 627-7241.

25. As part of the Franchise Agreement, Defendant Kenny Hart signed a "Guaranty of Performance" as the owner of the business and personally guaranteed the performance of the Franchise Agreement.

26. Under sections 1.9 and 1.10 of the Franchise Agreement, Defendants needed to make payment of $330.0 each month as the continuing royalty to A Corp., $45.00 per month for the marketing fund contribution, and $89.00 per month for the locally optimized website, with the total amount of approximately $464.00 per month.

27. The Franchise Agreement expressly states that the ownership of the Rooter Man trademarks belongs to A Corp.

28. On or about February 18, 2020, A Corp. notified Defendants of their default for failure to make payment dues under the Franchise Agreement in the accumulated amount of $2,312.86 as of February 10, 2020 and demanded for cure of the default within 30 days from the notice.

29. It was then discovered that, in violation of the Franchise Agreement, Defendant Kenny Hart, and/or with other defendants: (a) obtained domain registrations of getrooterman.com and rootermanyork.com both containing "rooterman" that is identical to A Corp.'s Rooter Man trademark; and (b) developed websites at www.getrooterman.com and www.rootermanyork.com soliciting plumbing and sewer related services using the Rooter Man name and trademarks.[2]

30. A Corp. and Defendants Kenny Hart and Paige Hart had some phone and email correspondence to address the issues of the unauthorized domains, websites, and cure of the default, when Defendant Paige Hart purported that they intended to sell the Rooter Man franchise because of Defendant Kenny Hart's health issues, and A Corp. notified her of the

---

[2] The Franchise Agreement § 7.1B prohibits franchisees from independently design, develop, and maintain any other locally optimized website or register any domain name using A Corp.'s trademarks.

condition of being in good standing without uncured default to be able to transfer or sell the franchise under the Franchise Agreement.

31. No payment was subsequently received from Defendant Kenny Hart towards the amount owed and on or about March 31, 2020, A Corp. served Defendant Kenny Hart a Franchise Agreement Termination letter to terminate the Franchise Agreement for failure to cure the default and demanded that Defendant Kenny Hart must stop using the Rooter Man trademarks and take actions to de-identify himself and his business as a Rooter Man within 30 days and must provide A Corp. with proof.[3]

32. On March 31, 2020 and after receipt of the termination letter through email, Defendant Hunter Hart emailed A Corp. that "…Dad passed on March 18…Myself and my mom are aware of this situation and we will try to get it all fixed up asap."

33. On April 3, 2020, A Corp. forwarded its condolence for alleged death of Defendant Kenny Hart and offered the family an opportunity to take over the franchise instead of termination of the franchise, but did not hear from Defendant Paige or Hunter Hart since then.

34. It appears that Defendant Kenny Hart is still alive because on the contrary of the alleged death of him on March 18, 2020, the following were subsequently observed:

   a. Kenny Hart's Facebook account indicates that he is presently self-employed as a "plumbing, HVAC and septic contractor", and the account still actively publishes posts through October of 2020.

   b. On or about July 31, 2020, about 4 months after the alleged death of Defendant Kenny Hart, a customer complaint against Defendant Kenny Hart d/b/a Rooter Man

---

[3] The Franchise Agreement § 16B requires that upon termination of the franchise agreements, the franchisees must cease the use of A Corp.'s trademarks, logos, designs in their advertisements.

7

      Plumbing of the Carolina's Piedmont[4] was filed with the Better Business Bureau ("BBB") indicating when the customer hired "Rooter Man" to repair her HVAC, the technician failed to complete the job. When the customer called "Rooter Man" about the repair issues, the business owner "Kenny got nasty with my husband,…refused to refund the money," and "threatened to sue" the customer if they contacted them again about the refund.

  c. On July 31, 2020, Kenny Hart submitted a response to the above customer complaint that "…**I** told them they have every right to challenge the payment in court and **I** will file a lien **I** will not refund anything…**I** hope they never use **rooterman** again because **I** [wouldn't ]serve them for any reason."[5]

35. Regardless of A Corp.'s demand to de-identify and stop using the Rooter Man name / marks and to the opposite of Defendants' representation that they would de-identify as Rooter Man, to date and more than 6 months after the termination of Defendant Kenny Hart's Franchise Agreement, the unauthorized use of the Rooter Man trademark by the Defendants are still active which includes without limitation:

  a. The website at www.rootermanyork.com is still active; the Rooter Man Plumbers to the Rescue mark (USPTO Reg. No. 4,189,503) is posted on the top of the home page with a wording "YORK" inserted before the "To The Rescue" phrase; the contact phone number (803) 627-7241 is the one designated for the Rooter Man franchise;

  b. The website at www.getrooterman.com is still active, the Rooter Man to the Rescue mark and logo (USPTO Reg. No. 6,013,446) is posted on the top of the home page;

---

[4] The BBB lists the business contact information as: business address on file: York, SC 29745 and business phone: (803) 627-7241.
[5] https://www.bbb.org/us/sc/york/profile/plumber/rooter-man-plumbing-of-the-carolinas-piedmont-0473-743179/complaints#501338175

      the contact phone number (803) 627-7241 is the one designated for Rooter Man franchise;

    c. Rooter Man Home Services LLC using the Rooter Man name/mar which Defendant Kenny Hart created is still active;[6]

    d. Rooter Man Plumbing of the Carolinas LLC using the Rooter Man name/mark which the Defendant Kenny Hart created is still active;

    e. The Rooter Man cartoon logo (USPTO Reg. No. 6,027,468) is published on Defendant Kenny Hart's Facebook where the FB "Intro" indicates that Defendant Kenny Hart does business as "poodoctors."[7]

    f. Defendants' internet advertisement and listings using the Rooter Man name/mark are active with including Google and www.yelp.com with the same contact number, (803) 627-7247, which was designated for the Rooter Man franchise.

36. The Defendants' website at www.getrooterman.com advertises plumbing and sewer related services in other Rooter Man franchisee's licensed territory in Gaston and Charlotte Counties in South Carolina and said territory was never licensed to any of the Defendants, and Defendants refused to correct regardless of A Corp.'s multiple requests.

37. Pursuant to the Franchise Agreement §19.7, Defendants agreed to pay A Corp. reasonable attorney fees, cost and expenses incurred in connection with the legal action by A Corp. to enforce its rights under the Franchise Agreement.

## COUNT I
### (Federal Trademark Infringement of the Rooter Man Trademark)

38. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-37.

---

[6] The Franchise Agreement § 8.2 expressly prohibits Defendants from using A Corp.'s trademarks or any similar names in their corporate name.
[7] https://www.facebook.com/skip.hart.9619

9

39. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

40. A Corp. owns the U.S. trade/service mark registrations in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

41. Kenny Hart's licensed right to use the Rooter Man trademarks and logos ended when the Franchise Agreement was terminated on March 31, 2020 for failure to cure the default.

42. Defendants' subsequent and unauthorized use of the Rooter Man trademarks was associated with plumbing, sewer, and drain cleaning services, which are in direct competition with A Corp.'s Rooter Man franchises.

43. Defendants failed to comply with A Corp.s' cease and desist demand and continued using the Rooter Man trademarks and the same contact phone number that was designated for Rooter Man franchised business.

44. Defendants' conduct constituted willful federal trademark infringement of the Rooter Man mark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

45. As a result of Defendants' willful infringing conduct, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill and reputation in the field.

46. Defendants' intentional infringement of A Corp.'s Rooter Man Marks entitles A Corp. to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

47. Given the willful nature of Defendants' infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count I of this Complaint together with interest, costs, and attorney fees.

### Count II
### (False Designations of Origin, False Descriptions)

48. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-47.

49. Defendants' subsequent and intentional use of A Corp.'s federally registered Rooter Man marks was without consent, permission, license or any other form of authorization of A Corp.

50. Defendants' infringing websites post A Corp.'s federally registered Rooter Man trademarks and the same contact phone number that was designated for Rooter Man franchised business to solicit the same plumbing and sewer related services that are provided by A Corp.'s Rooter Man franchises.

51. Defendants' above conduct is likely to cause confusion as to any business relationship or affiliation between Defendants and A Corp.

52. As a result of Defendants' violation of A Corp.'s rights to the Rooter Man marks, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable. To date and despite ample warning, Defendants refused to cease in the unauthorized and unlawful use of the A Corp.'s marks.

53. Defendants' knowingly unauthorized use of the Rooter Man marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the terms of the Rooter Man marks.

54. Defendants' willful infringement entitles A Corp. to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

55. Given the willful nature of Defendants' infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count II of this Complaint together with interest, costs, and attorney fees.

## COUNT III
**(Injury to Business Reputation and Trade/Service Mark --Dilution)**

56. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-55.

57. A Corp. has at least since 1981 continuously and in good faith used the Rooter Man mark in the interstate commerce in the United States and worldwide in connection with offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning services.  As a consequence of the use of the mark, the Rooter Man mark have become distinctive in the minds of the field, business community, and the public of the reputation of Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

58. Defendants' subsequence and intentional use of A Corp.'s Rooter Man mark in their business operations and advertisements using the same contact phone number that was designated for Rooter Man franchised business in connection of sale of plumbing, sewer and drain cleaning

services is commercial in nature and is used in the interstate commerce without A Corp.'s consent or license.

59. Defendants' above conduct is likely to cause confusion as to any business relationship or affiliation between Defendants and A Corp. and its Rooter Man franchises.

60. As a result of Defendants' violation of A Corp.'s rights to the Rooter Man marks, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, i.e. the customer complaint filed with BBB on July 31, 2020, all in amounts which are not yet fully ascertainable. To date and despite ample warning, Defendants refused to cease in the unauthorized and unlawful use of the A Corp.'s marks.

61. Defendants' above conduct diluted the distinctive quality of the A Corp.'s federal trade/service marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Defendants are in some associated, endorsed, or affiliated relationship with A Corp.

62. Defendants' subsequent and intentional use of the Rooter Man mark that is confusingly similar if not identical to A Corp.'s Rooter Man Marks constituted willful violation of 15 U.S.C. § 1125(c).

63. Given the fact that Defendants intentionally infringed A Corp.'s Rooter Man mark, A Corp. is entitled to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

64. Given the willful nature of Defendants' infringing conduct, A Corp. is entitled to statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count III of this Complaint together with interest, costs, and attorney fees.

## COUNT IV
### (Breach of Contract)

65. A Corp. repeats and realleges the statements set forth in paragraphs 1-64.

66. Defendant Kenny Hart d/b/a Palmetto Inc./LLC entered into a Franchise Agreement and A Corp. entered into a Franchise Agreement that is valid and enforceable.

67. Defendant Kenny Hart personally guaranteed the performance of the Franchise Agreement.

68. A Corp. fully performed its contractual obligations.

69. Defendants failed to pay for the franchise fees owed to A Corp. under the contract.

70. Defendants used A Corp.'s Rooter Man name/trademark to incorporated Rooter Man Plumbing of the Carolinas LLC and Rooter Man Home Services LLC in violation of the Franchise Agreement § 8.2, which expressly prohibits franchisees from using A Corp.'s trademarks or any similar names in franchisees' corporate name.

71. Defendants used the Rooter Man name/trademark to develop and maintain independent websites www.rootermanyork.com and www.getrooterman.com to promote its business in violation of the Franchise Agreement § 7.1B, which expressly prohibits franchisees from using A Corp.'s trademarks or any similar names to register domains and develop their own locally optimized websites.

72. Defendants advertise for business, through www.getrooterman.com in areas licensed to other Rooter Man franchises in violation of the Franchise Agreement §3.2.

73. Defendants failed to comply with the Franchise Agreement § 16 to de-identify themselves and continued operating their business under the name of Rooter Man.

74. Defendants' above conduct constituted breach of contract.

75. As a result of Defendants' above breaching activities, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count IV of this Complaint together with interest, costs, and attorney's fees.

## COUNT V
### (Interference With Contractual Relation)

76. A Corp. repeats and realleges the statements set forth in paragraphs 1-75.

77. Defendants' Franchise Agreement was terminated on or about March 31, 2020.

78. A Corp. has franchise agreement with another Rooter Man franchise in licensed areas in Gaston and Charlotte Counties of South Carolina.

79. Defendants knowingly advertised and continued advertising for plumbing and sewer related services in Gaston and Charlotte Counties of South Carolina, that were not licensed to Defendants, using the Rooter Man name/mark and the same contact phone number that was designated for Rooter Man franchised business and refused to stop for said unauthorized advertisements.

80. A Corp. is at peril to lose the franchise in Gaston and Charlotte Counties as a result of Defendants' above conduct.

81. Defendants' conduct constituted interference of the franchise agreement between A Corp. and the other Rooter Man franchise.

82. As a result of Defendants' above activities, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count V of this Complaint together with interest, costs, and attorney's fees.

## COUNT VI
### (Cybersquatting)

83. A Corp. repeats and realleges the statements set forth in paragraphs 1-82.

84. With actual knowledge of A Corp.'s federal registrations of the Rooter Man Marks, Defendants registered or caused to be registered domain getrooterman.com and rootermanyork.com, which contains the wording "rooterman" that is confusingly similar, if not identical, to A Corp.'s Rooter Man Marks.

85. Defendants' registrations of the infringing domains were obtained subsequent to the registrations of Plaintiff's Rooter Man Marks and were in violation of the Franchise Agreement in attempt to unlawfully profit from the Plaintiff's Rooter Man Marks.

86. A Corp.'s Rooter Man Marks were distinctive and incontestable at the time when Defendants' domains were created and first registered.

87. Defendants refused to comply with A Corp.s' demands to transfer the domains to A Corp. or cancel the domain registrations.

88. Defendants' above conduct constituted cybersquatting in violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

89. Defendants' above conduct caused damages to A Corp. to be determined at trial or A Corp. has the right to elect statutory damages from $1,000.00 up to $100,000.00 per infringing domain.

WHEREFORE, Plaintiff demands judgment in its favor on Count VI of this Complaint together with interest, costs, and attorney fees.

## COUNT VII
### (Conversion)

90. A Corp. repeats and realleges the statements set forth in paragraphs 1-89.

91. With its continuous and consistent use of the Rooter Man name/mark, through its Rooter Man franchisees in the State of South Carolina in the past 20 years, A Corp. has established substantial goodwill associated with the Rooter Man mark in South Carolina.

92. The Franchise Agreement clearly expresses that all goodwill associated with the Trademarks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Trademarks, is and shall remain the property of A Corp.

93. Defendants' unauthorized use of A Corp.'s Rooter Man was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man trademarks.

94. Defendants' above conduct constituted conversion that injured A Corp.

95. As a result of the aforedescribed conduct of Defendants converting A Corp.'s properties, Defendants caused damages to A Corp. in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count VII of this Complaint together with interest, costs, and attorney's fees.

## COUNT VIII
### (Unjust Enrichment)

96. A Corp. repeats and realleges the statements set forth in paragraphs 1-95.

97. Defendant Kenny Hart and A Corp. entered into a Franchise Agreement that is valid and enforceable.

98. A Corp. fully performed its contractual obligations including without limitation granting Defendant Kenny Hart the right to use the Rooter Man brand and providing supportive services including without limitation promoting Defendants' business through A Corp.'s website during the term of the Franchise Agreement.

99. Defendant Kenny Hart formed companies using A Corp.'s Rooter Man name/marks in violation of the Franchise Agreement.

100. All Defendants used Rooter Man name/mark without authorization of A Corp. with an apparent attempt to pass off A Corp.'s goodwill associated with the Rooter Man mark.

101. Defendants were unjustly enriched by its above conduct and caused damages to A Corp.

102. As a result of the aforedescribed conduct of unjust enrichment by Defendants, Defendants caused damages to A Corp. in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count VIII of this Complaint together with interest, costs, and attorney's fees.

## COUNT IX
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

103. A Corp. repeats and realleges the statements set forth in paragraphs 1-102.

104. As parties to the Franchise Agreement, A Corp. and Defendants owed implied duties of good faith and fair dealing to each other.

105. Defendants had an obligation to act ensure that their act relative to the Franchise Agreement did not contravene the duty of good faith and fair dealing.

106. A Corp. met its duty of good faith and fair dealing to Defendants.

107. Defendants failed to fulfill their duty of good faith and fair dealing by using A Corp.'s Rooter Man trademarks to incorporate at least 2 companies in breach of the Franchise Agreement and refused to correct the breach after A Corp.s' cease and desist demands upon multiple occasions.

108. Defendants failed to fulfill their duty of good faith and fair dealing by using A Corp.'s Rooter Man trademarks in association with their plumbing related services after their Franchise Agreement was terminated and refused to correct the breach after A Corp.s' cease and desist demands upon multiple occasions.

109. As a result of the aforedescribed conduct of Defendants in breach of the implied covenants of good faith and fair dealing, Defendants caused damages to Plaintiff in an to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count IX of this Complaint together with interest, costs, and attorney's fees.

## REQUESTS FOR RELIEF

WHERFORE, Plaintiff A Corp. hereby respectfully requests that this honorable Court enter Judgment in its favor as follows:

1. Temporarily restrain, preliminarily and permanently enjoin the Defendants, and their agents, representatives, and assigns from infringing A Corp.'s trademarks by using the Rooter Man marks associated with their business.

2. Order the Defendants to be required to account for all gains, profits and advantages derived by the Defendants as a result of their unlawful conduct.

3. Enter judgment for A Corp. and against the Defendants on all counts.

4. Award A Corp. its actual, statutory, or any other damages on all counts in amounts to be determined.

5. Award A Corp. multiple damages and reasonable attorney fees provided by applicable statutes.

6. Award A Corp. such other relief as the Court may deem just and proper under the circumstances.

## VERIFICATION

      I, Donald MacDonald, acting as President and CEO on behalf of A Corp d/b/a ROOTER-MAN, hereby verify that the facts contained in the aforementioned Complaint are true and accurate to the best of my knowledge and belief. Signed under the pains and penalties of perjury this 20th day of October, 2020.


/s/ Donald MacDonald
Donald MacDonald
President & CEO
A Corp d/b/a ROOTER MAN


                                                Respectfully Submitted
                                                A Corp d/b/a ROOTER MAN
                                                By its attorney,

                                                /s/ Juan Liu
                                                Juan (Jenny) Liu, BBO# 655921
                                                P.O. Box 290
                                                N. Billerica, MA 01862
                                                Tel: (978) 670-0718
                                                Fax: (978) 663-0061
                                                Email: lj@jennyliulaw.com

Date:   October 22, 2020