## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A CORP. DBA ROOTER MAN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| PALMETTO GROUP INVESTMENTS, LLC; | ) |
| ROOTER MAN HOME SERVICES LLC; | ) CIVIL ACTION NO. |
| ROOTER MAN PLUMBING OF THE | ) 20-cv-11901-MLW |
| CAROLINAS LLC; | ) |
| KENNETH WAYNE HART, | ) |
| KENNETH WAYNE HART DBA PALMETTO | ) |
| GROUP INVESTMENTS, INC.; | ) |
| PAIGE KILLIAN HART; AND | ) |
| HUNTER CHASE GIBNEY AKA HUNTER | ) |
| CHASE HART | ) |
| | ) |
| Defendants | ) |

## SECOND AMENDED VERIFIED COMPLAINT
## FOR INJUNCTIVE RELIEF AND DAMAGES

### INTRODUCTION

This suit is brought by Plaintiff A Corp. d/b/a Rooter Man ("A Corp."), the franchisor of

the Rooter Man franchise and the owner of certain federally registered Rooter Man trademarks,

against Defendants Kenneth Wayne Hart individually ("Kenny Hart"), Kenny Hart d/b/a

Palmetto Group Investments Inc.,  Palmetto Investments Group LLC  , Rooter Man Home

Services LLC, Rooter Man Plumbing of the Carolinas LLC, Paige Killian Hart ("Paige Hart") for

willful federal trademark infringement, false designations of origin, dilution of A Corp.'s famous

federal trademark, conversion, and unjust enrichment; against Defendants Kenny Hart, Kenny

Hart d/b/a Palmetto Group Investments Inc., Palmetto Investments Group LLC, and Paige Hart

for cybersquatting, copyright infringement, and interference with contractual relationship;

1

against Kenny Hart Kenny Hart d/b/a Palmetto Group Investments Inc.,   Palmetto Investments

Group LLC for breach of contract and breach of implied covenant of good faith and fair dealing;

and fraud against Hunter Chase Gibney aka Hunter Chase Hart ("Hunter") and Kenny Hart.

**PARTIES**

1. A Corp. is a corporation, duly organized under laws of the Commonwealth of Massachusetts,

   with its principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts.

2. Defendant Kenny Hart is an individual residing at 484 Brown Rd., York, SC, 29745, who has

   conducted plumbing related business in the names of, including without limitation, Palmetto

   Group Investments, Inc.; Palmetto Group Investments LLC; Rooter Man Home Services

   LLC; Rooter Man Plumbing of the Carolinas LLC; Rooter Man Plumbing of York; Rooter

   Man of York SC; Rooter-Man Plumbing of the Carolina's Piedmont; Palmetto Group

   Investment LLC; Rooter Man Plumbing LLC; and Poodoctors.

3. Defendant Kenny Hart d/b/a Palmetto Group Investments Inc. is an unincorporated entity

   owned and operated by Kenny Hart, with its principal business address at 484 Brown Rd.,

   York, SC, 29745 and the contact phone number for this company is listed as (803) 627-7241.

4. Defendant Palmetto Group Investments LLC is a South Carolina limited liability company

   with its principal business place at 484 Brown Rd., York, SC, 29745 and the contact phone

   number for this company is listed as (803) 627-7241, the same business address and same

   contact number as Kenny Hart d/b/a Palmetto Group Investments Inc.  Upon information and

   belief, the Palmetto Group Investments LLC is owned or controlled by   Kenny Hart and the

   name has been used interchangeably with Palmetto Group Investments Inc.  Hart Kenny Hart

   accepted the service of the initial Complaint and Summons served on Palmetto Group

   Investments LLC as its registered agent on November 16, 2020.

5. Defendant Rooter Man Plumbing of the Carolinas LLC is a South Carolina limited liability company incorporated by Kenny Hart and Billy Earl Forrester Jr. on or about August 16, 2018 with its principal business address at 484 Brown Rd., York, SC, 29745 and the contact phone number (803) 627-7241 as listed with Better Business Bureau.

6. Defendant Rooter Man Home Services LLC is a South Carolina limited liability company incorporated by Kenny Hart and Billy Forrester Jr. on or about September 18, 2018 with its principal business address at 484 Brown Rd., York, SC, 29745 and the contact phone number is listed as (803) 627-7241.

7. Defendant Paige Hart is an individual residing at 484 Brown Rd., York, SC, 29745, who is the wife of Defendant Kenny Hart and is the co-owner of the business of Defendant Kenny Hart operates under the names of Rooter Man Plumbing of York; Rooter Man of York SC; and Rooter-Man Plumbing of the Carolina's Piedmont.

8. Defendant Hunter is an individual residing at 484 Brown Rd., York, SC, 29745 and on information and belief is the son of Defendant Paige Hart from her previous marriage.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the present disputes under 28 U.S.C. §§ 1338(a) & (b).[1]  In addition, subject matter jurisdiction is satisfied based on diversity jurisdiction under 28 U.S.C. § 1332 (a).

10. This Court may exercise personal jurisdiction over Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc., Palmetto Group Investments LLC,  Rooter Man Home

---

[1] 28 U.S.C.§ 1338(a) states that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights and trademarks;" 28 U.S.C.§ 1338(b) provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright…trademark laws."

Services LLC, and Rooter Man Plumbing of the Carolinas LLC pursuant to the §19.6 of the Franchise Agreement (as defined below).

11. Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc., Palmetto Group Investments LLC, Rooter Man Home Services LLC, Rooter Man Plumbing of the Carolinas LLC, Paige Hart, and Hunter established sufficient contact with the Commonwealth of Massachusetts that personal jurisdiction over them is appropriate under the Massachusetts Long-arm statute and Constitutional Due Process.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and the Franchise Agreement §19.6.

## FACTS RELEVANT TO ALL COUNTS

### *A Corp.'s Relevant Background:*

13. In or around 1980, A Corp.'s affiliate, Rooter Man Corp., started to use the name of Rooter Man and A Rooter Man to operate sewer and drain cleaning services in Massachusetts and the surrounding states.

14. In or around January 1981, Rooter Man Corp. designed and adopted the logo for the name of Rooter Man and started to offer Rooter Man franchises that provided plumbing, sewer, and drain cleaning services in Massachusetts and interstate commerce.

15. In or around July 1981, Rooter Man Corp. registered the Rooter Man mark with the Secretary of the Commonwealth of Massachusetts, and was incorporated on or about January 1, 1982.

16. A Corp. was incorporated on or about March 3, 1982 to facilitate Rooter Man Corp. in its sales of the Rooter Man franchises.

17. In 1990, Rooter Man Corp. assigned all of its rights in the Rooter Man name/marks together with its Rooter Man franchise business to A Corp.

18. A Corp.'s Rooter Man franchise has consistently advertised for plumbing, sewer, and drain cleaning services in major yellow page directories such as NYNEX, currently known as Verizon yellow pages, which covered New England areas including Massachusetts and beyond.

19. Through its active use of the Rooter Man mark through the United States and worldwide, the Rooter Man name/mark has become distinctively identified in the trade with A Corp. and, in particular, with its growing reputation for plumbing, sewer, and drain cleaning services that its franchisees provide.  As of December 31, 2020, A Corp. has approximately one hundred and five (105) franchisees operating seven hundred twenty five (725) locations in forty (40) states and also in two (2) foreign countries, with fifty one (51) units being operated within Canada and Bermuda.

20. A Corp. obtained registrations of multiple Rooter Man trademarks with the United States Patent and Trademark Office on the principal registration including without limitation:

    a.  Rooter Man (and design) on September 3, 1991 (Reg. No. 1,655,782);

    b.  Rooter Man (words only) on October 12, 2010 (Reg. No. 3,859,654);

    c.  A Rooter Man to the Rescue (and design) on August 20, 1991 (Reg. No. 1,654,512);

    d.  Rooter Man Plumbers to the Rescue (and design) on August 14, 2012 (Reg. No. 4,189,503);

    e.  Rooter Man to the Rescue (and design) on March 17, 2020 (Reg. No. 6,013,446);

    f.  Rooter Man cartoon designs on April 7, 2020 (Reg. No. 6,027,468 & 6,027,470); and

    g.  Liquid Rooter (and design) on July 19, 1994 (Reg. No. 1,846,038).

The above-mentioned marks shall be collectively referenced as the "Rooter Man Marks" and *Exhibit 1 is attached hereto for the above referenced registrations*.

21. A Corp.'s use of the Rooter Man Marks has never been abandoned or revoked.

22. A Corp. also obtained and has maintained Rooter Man trademark registration in the State of South Carolina since January 14, 1997, and in the State of North Carolina since September 26, 2005.

23. In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

***Facts relevant to the Franchise Agreement concerning Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc., Palmetto Group Investments LLC , Rooter Man Home Services LLC, and Rooter Man Plumbing of the Carolinas LLC:***

24. On or about March 26, 2018, Kenny Hart contacted A Corp. and submitted a Registration Form indicating his intent to join the Rooter Man franchise and made request of his desired franchised territories.

25. On or about May 6, 2018, after at least 14 days to review the prospective Franchise Agreement, Kenny Hart d/b/a Palmetto Group Investments Inc., and/or Palmetto Group Investments LLC signed, through Kenny Hart, a Franchise Agreement with A Corp. with a commencement date on May 2, 2018, and purchased the rights to use the Rooter Man brand name and concept in certain areas in York County of South Carolina and several cities in Gaston County in North Carolina (the "Franchise Agreement"), which would expire on May 2, 2023.  Kenny Hart's signature was witnessed by Paige Hart.

26. On or about May 6, 2018, as part of the Franchise Agreement, Kenny Hart as an individual signed a "Guaranty of Performance" as the owner of Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC and personally guaranteed the performance of the Franchise Agreement.

27. The phone number designated for the Rooter Man franchised business for Kenny Hart and Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC was (803) 627-7241.

28. The public information from South Carolina Secretary of State indicates that Palmetto Group Investment Inc. was not an incorporated entity.

29. In the meantime, Kenny Hart held himself out as the "principal" of Palmetto Group Investments LLC with a contact phone number (803) 627-7241, the same phone number designated for his Rooter Man franchised business and the same address for his Rooter Man franchised address at 484 Brown Rd., York SC 29745. On or about February 22, 2017, Kenny Kart and Paige Hart transferred the title of the property at 484 Brown Rd., York SC 29745 to Palmetto Group Investments LLC without fair market value consideration after they deeded the same to Palmetto Group Investment, Inc. with "NO" consideration on or about December 1, 2016. It appears that Kenny Hart intended to have a corporate entity in the name of Palmetto Group Investments and has been use the incorporate indicator either as "Inc." or "LLC" interchangeably.

30. Kenny Hart traveled to Boston and participated in the Rooter Man franchise training held at the Embassy Suites Hotel in Boston on October 27 and 28, 2018.

31. Under the Franchise Agreement §§ 1.9 and 1.10, Kenny Hart and Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC were obligated to pay A Corp. $330.00 each month as the continuing royalty, $45.00 per month for the marketing fund contribution, and $89.00 per month for the locally optimized website, with the total amount of approximately $464.00 per month.

32. On September 12, 2018, when A Corp. contacted Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC about the past due franchise fees payment, Paige Hart responded, using Kenny Hart's email address, that Kenny Hart had "expensive medical problems." A Corp. indicated that it would work with them so Kenny Hart could make the business successful and waived two months franchise fees to help them out.

33. However, Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC were consistently behind their payment throughout the remainder of 2018 and 2019.

34. On January 16, 2020, Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC were again behind the franchise fee payment when Kenny Hart emailed A Corp. "I've been in hospital with wife running things" and alleged that he provided A Corp. with a new credit card to pay for the outstanding balance.

35. On January 28, 2020, A Corp. followed up with Kenny Hart that A Corp. did not receive any new credit card number or payment. Around 3:40 P.M. when A Corp.'s office staff left for the day, Kenny Hart and/or Paige Hart emailed A Corp., promised payment again, and claimed, for the first time, that Kenny Hart noticed "Rooterman upstate was blatantly working in my area today."

36. On January 29, 2020, A Corp. responded to Kenny Hart's claim that another Rooter Man franchise worked in his territory and asked Kenny Hart for more detailed information so that A Corp. would take proper actions accordingly.

37. A Corp. did not receive further details from Kenny Hart or Paige Hart about what job the other Rooter Man franchise did in Kenny Hart's territory; nor did A Corp. receive any payment towards the past due balance.

38. Based on the Rooter Man Franchise Group Post through Facebook, the matters relevant to the alleged cross-franchise territory borderline job by another Rooter Man franchisee was resolved between Kenny Hart and the other Rooter Man franchisee around January 28, 2020.

39. On or about February 18, 2020, A Corp. sent Kenny Hart   a letter notifying him of the default for failure to pay as required by the Franchise Agreement in the accumulated amount of $2,312.86 as of February 10, 2020 and demanded cure of the default within 30 days from the notice.  Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC  failed to cure the non-payment default.

40. The Franchise Agreement expressly states the following restrictions on the scope of licensed rights to use the Rooter Man name/mark by the franchisees:

   a. restrictions on franchisee's own website and domains under the Franchise Agreement §7.1(B):

   "…To maintain the consistency of the brand image of A CORP, FRANCHISEE is **not allowed** to independently design, develop, and maintain any other locally optimized **website or register any domain name** using A CORP's trademarks."

   b. restrictions on franchisee's geographic area for marketing and operations under the Franchise Agreement §3.1(C), in pertinent part:

   "FRANCHISEE **shall not engage in marketing activities or solicitation of business outside the Territory**.  In order for FRANCHISEE to engage in such activities within **an unlicensed territory**, FRANCHISEE must execute a separate Franchise Agreement and pay an additional franchise fee."

    c.   restrictions on Franchisee's modification of the licensed trademark under the

        Franchise Agreement §8.1, in pertinent part:

        **"…**FRANCHISEE **shall not** directly or indirectly **contest** or aid in contesting
        the validity or **ownership** of the Trademarks. FRANCHISEE **shall not**
        **modify** or use the Trademarks in any fashion, including without limitation on
        products, tools or supplies, unless authorized in a prior writing by A CORP**."**

    d.   restrictions on franchisee's corporate name under the Franchise Agreement §8.2, in

        pertinent part:

        "If FRANCHISEE operates the franchise business through a corporation,
        FRANCHISEE **shall not use the Trademarks, or any similar names, in its**
        **corporate name**..."

41. During the term  and in violation of the Franchise Agreement §7.1(B), Defendant Kenny

    Hart,  Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

    LLC, and/or Paige Hart: (a) registered or caused to be registered 2 domain names,

    rootermanyork.com on February 28, 2019 and getrooterman.com on January 21, 2020 (the

    "Infringing Domains"), both containing the wording "rooterman" that is identical to A

    Corp.'s Rooter Man trademark; and (b) developed or caused to be developed websites at

    www.getrooterman.com and www.rootermanyork.com, through which to solicit plumbing

    and sewer related services using the Rooter Man name and trademarks (collectively

    "Infringing Websites").

42. The infringing Websites list the contact phone number (803) 627-7241, the same phone

    number designated for Kenny Hart,  Kenny Hart d/b/a Palmetto Group Investments Inc.

    and/or Palmetto Group Investments LLC's Rooter Man franchised business.

43. During the term and in violation of the Franchise Agreement §3.1(C), Kenny Hart, Kenny

    Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, and/or

Paige Hart's unauthorized website at www.getrooterman.com advertised plumbing and sewer related services in other Rooter Man franchisee's licensed territory in Gaston and Charlotte Counties in North Carolina.  Said territory was never licensed to Kenny Hart,  or any such other Defendants.

44. During the term and in violation of the Franchise Agreement §8.2, Kenny Hart, together with Billy Earl Forrester, incorporated 2 limited liability companies using the Rooter Man name/mark as part of the company names: Rooter Man Plumbing of the Carolinas LLC and Rooter Man Home Services LLC.

45. On information and belief, Rooter Man Plumbing of the Carolinas LLC and Rooter Man Home Services LLC use the Rooter Man Marks and names without A Corp.'s consent to conduct plumbing and sewer related services, the same services provided by the Rooter Man franchises.

46. During the term  and in violation of the Franchise Agreement §8.1, the Rooter Man Plumbers to the Rescue (and design) (Reg. No. 4,189,503) trademark posted on the unauthorized website at www.rootermanyork.com was modified, without any consent of A Corp., by adding the wording "York" to the Rooter Man Plumbers to the Rescue (and design) (Reg. No. 4,189,503) mark.

47. Under the Franchise Agreement §19.6, "…**any action arising out of or relating to this agreement** will be brought by the parties only in a Massachusetts state court…or the United State District Court for the District of Massachusetts in Boston, Massachusetts," and as such, Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC agreed to litigate in this Court over issues including without limitation their failure to pay as required by the Franchise Agreement, registrations of the Infringing

Domains; development and  maintenance of the Infringing Websites; and unauthorized use of the Rooter Man name/mark to incorporate and operate the Rooter Man Plumbing of the Carolinas LLC and Rooter Man Home Services LLC, all relevant to the Franchise Agreement.

***Unauthorized use of the Rooter Man Marks and name during the term of the Franchise Agreement by Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, Paige Hart, Rooter Man Plumbing of the Carolinas LLC, and Rooter Man Home Services LLC:***

48. Allegations in precedent Paragraphs 41 to 46 are repeated here and that any use of the Rooter Man Marks which was not granted by the Franchise Agreement not only amounts to breach of contract, but also constituted unauthorized use or infringement of the Rooter Man Marks by Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, Rooter Man Plumbing of the Carolinas LLC and Rooter Man Home Services LLC during the term of the Franchise Agreement.

49. The available information indicated that Paige Hart was actively involved in Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's Rooter Man franchised business operations during the term of the Franchise Agreement:

   a. The infringing website at www.rootermanyork.com introduces the owners or responsible persons of the website as "Rooter Man Plumbing of York…we are a locally owned business with the owners Kenny and Paige Hart being local citizens for our entire life."

   b. Since at least September of 2018, multiple emails of Kenny Hart and Paige Hart using the same email address to communicate with A Corp. indicated that Paige Hart jointly participated in operation of the Rooter Man business formerly franchised to Kenny

Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group

Investments LLC and was responsible to send the payment on behalf of Kenny Hart

and Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group

Investments LLC to A Corp. under the Franchise Agreement.

c.  Paige Hart's Facebook post and her email to A Corp. referred the Rooter Man

business franchised to Kenny Hart and Kenny Hart d/b/a Palmetto Group Investments

Inc. and/or Palmetto Group Investments LLC as "our Rooter Man shop."

d.  As the co-owner of the business that is responsible for the infringing website at

www.rootermanyork.com,  and given A Corp.'s communication with Kenny Hart and

Paige Hart notifying them of the unauthorized use of the Rooter Man Marks, Paige

Hart knowingly participated in the unauthorized use of the Rooter Man Marks

associated with the plumbing and sewer related services.

50. Subsequent to the default letter of February 18, 2020, A Corp., Kenny Hart and Paige Hart

had some phone and email correspondences to address the issues of the unauthorized

domains, websites, and cure of the default, when Paige Hart purported that they intended to

sell the Rooter Man franchise because of Kenny Hart's health issues. A Corp. notified her of

the condition of being in good standing without any uncured default to be able to transfer or

sell the franchise under the Franchise Agreement.

51. On March 5, 2020, in response to A Corp.'s demand that the Infringing Websites must be

deactivated, Kenny Hart and/or Paige Hart responded "…however, as my attorney stated,

RooterMan is a word.  I cant use its likeness or its logos and I will gladly address that."  Such

statement indicated that Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc.

and/or Palmetto Group Investments LLC, and/or Paige Hart contested A Corp.'s trademark

rights to the Rooter Man Marks and tried to justify their willful infringement of the Rooter

Man Marks, which also constituted violation of the Franchise Agreement §8.1.

***Unauthorized use of the Rooter Man name/mark after the termination of the Franchise
Agreement by Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc.
and/or Palmetto Group Investments LLC, Paige Hart,   Rooter Man Plumbing of the
Carolinas LLC, and Rooter Man Home Services LLC; and the fraudulent conduct of Hunter
and Kenny Hart:***

52. No payment was subsequently received from Kenny Hart or Kenny Hart d/b/a Palmetto

Group Investments Inc. and/or Palmetto Group Investments LLC towards the amount owed,

and on or about March 31, 2020, A Corp. served Kenny Hart and Kenny Hart d/b/a Palmetto

Group Investments Inc.  a Franchise Agreement Termination letter to terminate the Franchise

Agreement for failure to cure the default.

53. Upon termination of the Franchise Agreement, any and all rights to use the Rooter Man name

and marks granted in the Franchise Agreement ended, and the A Corp.'s termination letter

demanded that Kenny Hart and Kenny Hart d/b/a Palmetto Group Investments Inc.  must

stop using the Rooter Man trademarks, take actions to de-identify themselves and their

business as a Rooter Man within 30 days, and must provide A Corp. with proof.[2]

54.  On March 31, 2020, after receipt of the termination letter through email, an email from

"Hunter Chase Hart" to A Corp using Kenny Hart's email address stated "…Dad passed on

March 18…Myself and my mom are aware of this situation and we will try to get it all fixed

up asap." Hunter's email indicated that he personally: (a) acknowledged receipt of A Corp.'s

termination letter containing the notice of A Corp.'s trademark rights and demand to stop

using the Rooter Man name/mark; (b) knew the unauthorized use of the Rooter Man

name/mark by Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. , and Paige

---

[2] The Franchise Agreement § 16B requires that upon termination of the franchise agreements, the franchisees must
cease the use of A Corp.'s trademarks, logos, designs in their advertisements.

Hart; and (c) agreed to "fix" the problem "asap."   As set forth below, the unauthorized use of the Rooter Man Marks was not "fixed" to date.

55. Relied on Hunter's email, on April 3, 2020, A Corp. forwarded its condolence for alleged death of Kenny Hart and offered the family an opportunity to take over the franchise instead of termination of the franchise with an attempt to help the family but did not hear from Paige Hart or Hunter since then.

56.   Hunter's representation that "Dad Passed on March 18, 2020" could be nothing further from the truth, as evidenced by the following observations:

    a.   Kenny Hart's Facebook account indicates that he is presently self-employed as a "plumbing, HVAC and septic contractor", and the account still actively publishes posts through the date of this Complaint.

    b.   On or about July 31, 2020, about 4 months after the alleged death of Kenny Hart, a customer complaint against Kenny Hart and/or Rooter-Man Plumbing of the Carolina's Piedmont[3] was filed with the Better Business Bureau ("BBB") indicating when the customer hired "Rooter Man" to repair her HVAC, the technician failed to complete the job.  When the customer called "Rooter Man" about the repair issues, the business owner "Kenny got nasty with my husband,…refused to refund the money" and "threatened to sue" the customer if they contacted them again about the refund (the "BBB Complaint").

    c.   On July 31, 2020, Kenny Hart submitted a response to the above BBB Complaint that "…**I** told them they have every right to challenge the payment in court and **I** will file

---

[3] The BBB lists the business contact information as: business address on file: York, SC 29745 and business phone: (803) 627-7241.

a lien **I** will not refund anything…**I** hope they never use **rooterman** again because **I**

[wouldn't] serve them for any reason."[4]

    d.   On December 5, 2020, Kenny Hart posted through his Facebook account a picture of

    him and Paige Hart with a message to celebrate the 5th anniversary of their marriage.

57. Kenny Hart apparently is alive when he retained a Massachusetts counsel, and has actively

participated in the underlying litigation.

58. On information and belief, the fraudulent statement about Kenny Hart's death made by

"Hunter Chase Hart" could be made by Kenny Hart himself in the name of Hunter as there

was showing that Kenny Hart was known to pretend to be Hunter at some point in time in

order to try to avoid liability.

59.  Regardless of A Corp.'s multiple demands to de-identify and stop using the Rooter Man

name/marks, Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc.

and/or Palmetto Group Investments LLC, Paige Hart, Rooter Man Home Services LLC, and

Rooter Man Plumbing of the Carolinas LLC, continued the unauthorized use of the Rooter

Man Marks as is evidenced by the facts including without limitation the following:

    a.   To date, about 15 months after the franchise termination letter and 7 months after the

    underlying lawsuit was brought, the website at www.rootermanyork.com is still

    active and accessible in Massachusetts and states of all other Rooter Man franchises.

    On information and belief, this website is owned and/or under the control of Kenny

    Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group

    Investments LLC, and/or Paige Hart.  The counterfeit version of the Rooter Man

    Plumbers to the Rescue mark (USPTO Reg. No. 4,189,503) is posted on the top of the

---

[4] https://www.bbb.org/us/sc/york/profile/plumber/rooter-man-plumbing-of-the-carolinas-piedmont-0473-743179/complaints#501338175

home page with a wording "YORK" inserted before the "To The Rescue" phrase. The contact phone number (803) 627-7241 is the same number designated for Kenny Hart and Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's former Rooter Man franchise. Kenny Hart and Paige Hart advertise as "Rooter Man" offering plumbing services in "all of York, Gaston and Mecklenburg counties" and "We are licensed both SC and NC." *A copy of this infringing website homepage printout is attached hereto as Exhibit 2*.

b.  The Liquid Rooter trademark (Reg. 1846083) is posted on the "Products" webpage on www.rootermanyork.com to offer the sale of drainpipe cleaning products.  This mark was never licensed to any of the Defendants.  *A copy of said webpage is attached hereto as Exhibit 3*.

c.  The infringing website at www.getrooterman.com was active and accessible in Massachusetts and states of all other Rooter Man franchises until January of 2021 as a result of demand made to Kenny Hart's counsel.  Before this website was deactivated, the Rooter Man to the Rescue mark and logo (USPTO Reg. No. 6,013,446) is posted on the top of the home page; the contact phone number (803) 627-7241 is the one designated for former Rooter Man franchise.   On information and belief, this website was owned and/or under the control of Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, and Paige Hart.  This infringing website advertised for plumbing and sewer related services in other Rooter Man franchisee's licensed territory in Gaston and Charlotte Counties in North Carolina which were never licensed to   any of the   Defendants.

d.  Rooter Man Home Services LLC owned and controlled by Kenny Hart is still active and conducts plumbing services business using the Rooter Man name/mark without A Corp.'s authorization.

e.  Rooter Man Plumbing of the Carolinas LLC owned and controlled by Kenny Hart is still active and conducts plumbing services business using the Rooter Man name/mark without A Corp.'s authorization.

f.  Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC and/or Kenny Hart's marketing efforts with unauthorized use of the Rooter Man Marks through Kenny Hart's Facebook continues by publishing: (i) images of the Rooter Man cartoon logo (USPTO Reg. No. 6,027,468); (ii) an image of a Kenny Hart's business card using the Rooter Man Plumbers to the Rescue (USPTO Reg. No. 4,189,503); and (3) pictures of Kenny Hart's business location having multiple signs using the Rooter Man Plumbers to the Rescue (USPTO Reg. No. 4,189,503) mark  and names such as Rooter Man Plumbing and Rooter Man Plumbing LLC.    A *Printout of  Kenny Hart's Facebook page is attached hereto as Exhibit 4 and an enlarged picture of Kenny Hart's business location posted on the same Facebook page is attached hereto as Exhibit 4.1.*

g.  Kenny Hart and/or Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC continue advertising and/or listing as Rooter Man through the internet such as Google and Yelp https://www.yelp.com/biz/rooter-man-plumbers-york using the same contact phone number, (803) 627-7247, which was designated for their former Rooter Man franchise.    *A copy of said Yelp listing is attached hereto as Exhibit 5.*

*60.* Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto

Group Investments LLC, and Paige Hart, either individually or jointly, still market their

plumbing related services using the Rooter Man Marks and various Rooter Man names

including without limitation Rooter Man Plumbing of York; Rooter Man of York SC;

Rooter-Man Plumbing of the Carolina's Piedmont Rooter Man Plumbing, and Rooter Man

Plumbing LLC through the internet. *A Google Search result of Rooter Man York SC is*

*attached hereto as Exhibit 6.*

***Unauthorized copy and publication of A Corp.'s copyrighted website content for commercial
purposes by Defendants Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc.
and/or Palmetto Group Investments LLC, and Paige Hart:***

61. On August 4, 2015, A Corp. obtained the copyright registration with the United States

Copyright Office, Reg. No. TX 8-253-353 for its website content published at

www.rooterman.com ("Copyrighted Content"), and the same content has been consistently

used through the date of this Second Amended Complaint. *A copy of the Certificate of*

*Registration of "Rooter Man website content 2014" and the copyrighted website content are*

*attached hereto as Exhibit 7.*

62. It was recently discovered that most website content published at the infringing website

www.rootermanyork.com, including without limitation the pages to offer and solicitate

services, products, for contact us, and coupons were copied verbatim from the A Corp.'s

website at www.rooterman.com without A Corp.'s authorization. *A copy of printout of*

*website pages at www.rootermanyork.com is attached hereto as Exhibit 8.*

63. The website content published at the infringing website www.rootermanyork.com, owned

and controlled by Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or

Palmetto Group Investments LLC, and/or Paige Hart is used to solicit and sell plumbing and sewer related services in competition with the Rooter Man franchises.

64. Pursuant to the Franchise Agreement §19.7, Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC agreed to pay A Corp. for A Corp.'s reasonable attorney fees, cost and expenses incurred in connection with the legal action by A Corp. to enforce its rights under the Franchise Agreement.

## COUNT I
## Federal Trademark Infringement
## (Against Kenny Hart)

65. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-64.

66. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

67. A Corp. owns the U.S. trade/service mark registrations of multiple Rooter Man Marks in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

68. There is no showing that Kenny Hart ever used Rooter Man Marks prior to A Corp.'s federal registrations, and his licensed right to use the Rooter Man Marks ended when the Franchise Agreement was terminated on March 31, 2020 for failure to cure the default.

69. Kenny Hart refused to comply with A Corp.'s cease and desist demand and continued using the Rooter Man Marks and names with the same contact phone number that was designated for his former Rooter Man franchise.

70. Kenny Hart's subsequent, knowing, and unauthorized use of the Rooter Man Marks is associated with plumbing, sewer, and drain cleaning services in direct competition with A Corp.'s Rooter Man franchises and is likely to cause confusion to the public as to the source of his services is from a Rooter Man brand franchise.  Kenny Hart has caused actual confusion to the public as to the source of his services, as is evidenced by the BBB Complaint.

71. Kenny Hart's conduct amounted to counterfeit copy and colorable imitation of A Corp.'s registered Rooter Man Marks as used in connection with plumbing, sewer, and drain cleaning services.  By such use, Kenny Hart is likely to cause confusion, or to cause mistake, or to deceive, all constituted willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

72. As a result, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill, and reputation in the field.

73. Kenny Hart's intentional infringement of A Corp.'s Rooter Man Marks entitles A Corp. to injunctive relief, actual damages, his profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

74. Given the willful nature of Kenny Hart's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

75. By way of the Franchise Agreement, Kenny Hart agreed to be liable for A Corp's cost and reasonable attorney's fees to enforce A Corp.'s contractual rights.

WHEREFORE, A Corp. demands judgment in its favor on Count I of this Complaint together with interest, costs, and attorney fees.

**COUNT II**
**Federal Trademark Infringement**
**(Against Kenny Hart d/b/a Palmetto Group Investment Inc.**
**and Palmetto Group Investments LLC)**

76. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-75.

77. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

78. A Corp. owns the U.S. trade/service mark registrations of multiple Rooter Man Marks in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services.  The registered marks are valid, subsisting and unrevoked.  The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

79. There is no showing that Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC ever used Rooter Man Marks prior to A Corp.'s federal registrations

of the marks, and its licensed right to use the Rooter Man Marks ended when the Franchise

Agreement was terminated on March 31, 2020 for failure to cure the default.

80. Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC

refused to comply with A Corp.'s cease and desist demand and continued using the Rooter

Man Marks and name with the same contact phone number that was designated for their

former Rooter Man franchise.

81. Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's subsequent, knowing, and unauthorized use of the Rooter Man Marks is associated

with plumbing, sewer, and drain cleaning services in direct competition with A Corp.'s

Rooter Man franchises and is likely to cause confusion to the public as to the source of their

services is from a Rooter Man brand franchise.

82. Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's conduct amounted to counterfeit copy and colorable imitation of A Corp.'s registered

Rooter Man Marks as used in connection with plumbing, sewer, and drain cleaning services.

By such use, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group

Investments LLC is likely to cause confusion, or to cause mistake, or to deceive, all

constituted willful federal trademark infringement in violation of Section 32 of the Lanham

Act, 15 U.S.C. §1114.

83. As a result, A Corp. suffered and is continuing to suffer irreparable injury, such as, without

limitation, loss of potential business, capacity to compete in the marketplace, goodwill, and

reputation in the field.

84. Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's intentional infringement of A Corp.'s Rooter Man Marks entitles A Corp. to

injunctive relief, actual damages, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or

Palmetto Group Investments LLC's profits, plus costs, all subject to multiple damages

together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other

applicable laws.

85. Given the willful nature of Kenny Hart d/b/a Palmetto Group Investments Inc. and/or

Palmetto Group Investments LLC's infringement, A Corp. is entitled to statutory damages in

an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

86. By way of the Franchise Agreement, Kenny Hart d/b/a Palmetto Group Investments Inc.

and/or Palmetto Group Investments LLC agreed to be liable for A Corp's cost and reasonable

attorney's fees to enforce A Corp.'s contractual rights.

WHEREFORE, A Corp. demands judgment in its favor on Count II of this Complaint

together with interest, costs, and attorney fees.

## COUNT III
### Federal Trademark Infringement
### (Against Rooter Man Home Services LLC)

87. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-86.

88. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the

United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man

franchises and related plumbing, sewer, and drain cleaning services.

89. A Corp. owns the U.S. trade/service mark registrations of multiple Rooter Man Marks in

connection with the sale of Rooter Man franchises and related plumbing, sewer and drain

cleaning services. The registered marks are valid, subsisting and unrevoked. The

registration is prima facie evidence of the validity of the Rooter Man mark registrations, A

Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or

limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

90. Rooter Man Home Services LLC was formed using the Rooter Man mark after A Corp.'s federal registrations of the Rooter Man Marks and it was not licensed any right to use the Rooter Man Marks or name.

91. Rooter Man Home Services LLC's unauthorized use of the Rooter Man Marks were associated with plumbing, sewer, and drain cleaning services in direct competition with A Corp.'s Rooter Man franchises and is likely to cause confusion to the public that the source of its services is from a Rooter Man brand franchise.

92. Rooter Man Home Services LLC failed to comply with A Corp.'s cease and desist demand and continued using the Rooter Man Marks and name.

93. Rooter Man Home Services LLC's conduct amounted to counterfeit copy and colorable imitation of A Corp.'s registered Rooter Man Marks as used in connection with plumbing, sewer, and drain cleaning services.  By such use, Rooter Man Home Services LLC is likely to cause confusion, or to cause mistake, or to deceive, all constituted willful federal trademark infringement of the Rooter Man Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

94. As a result, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill, and reputation in the field.

95. Rooter Man Home Services LLC's willful infringement of A Corp.'s Rooter Man Marks entitles A Corp. to injunctive relief, actual damages, Rooter Man Home Services LLC's

profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

96. Given the willful nature of Hunter's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count III of this Complaint together with interest, costs, and attorney fees.

### COUNT IV
### Federal Trademark Infringement
### (Against Rooter Man Plumbing of the Carolinas LLC)

97. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-96.

98. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

99. A Corp. owns the U.S. trade/service mark registrations of multiple Rooter Man Marks in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

100. Rooter Man Plumbing of the Carolinas LLC was formed using the Rooter Man mark after A Corp.'s federal registrations of the Rooter Man Marks and was not licensed any right to use the Rooter Man Marks or name.

101.    Rooter Man Plumbing of the Carolinas LLC's unauthorized use of the Rooter Man Marks were associated with plumbing, sewer, and drain cleaning services in direct competition with A Corp.'s Rooter Man franchises and is likely to cause confusion of the source of its services is from a Rooter Man brand franchise.

102.    Rooter Man Plumbing of the Carolinas LLC failed to comply with A Corp.'s cease and desist demand and continued using the Rooter Man Marks and name.

103.    Rooter Man Plumbing of the Carolinas LLC's conduct amounted to counterfeit copy and colorable imitation of A Corp.'s registered Rooter Man Marks as used in connection with plumbing, sewer, and drain cleaning services.  By such use, Rooter Man Plumbing of the Carolinas LLC is likely to cause confusion, or to cause mistake, or to deceive, all constituted willful federal trademark infringement of the Rooter Man Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

104.    As a result, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill, and reputation in the field.

105.    Rooter Man Plumbing of the Carolinas LLC's willful infringement of A Corp.'s Rooter Man Marks entitles A Corp. to injunctive relief, actual damages, Rooter Man Plumbing of the Carolinas LLC's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

106.    Given the willful nature of Hunter's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count IV of this Complaint together with interest, costs, and attorney fees.

## COUNT V
### Federal Trademark Infringement
### (Against Paige Hart)

107.     A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-106.

108.     Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

109.     A Corp. owns the U.S. trade/service mark registrations of multiple Rooter Man Marks in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the marks, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

110.     There is no showing that Paige Hart ever used Rooter Man Marks prior to A Corp.'s federal registrations of the Rooter Man Marks, and Paige Hart was not licensed any right to use the Rooter Man Marks or name.

111.     Paige Hart's subsequent and unauthorized use of the Rooter Man Marks were associated with plumbing, sewer, and drain cleaning services in direct competition with A Corp.'s Rooter Man franchises and is likely to cause confusion to the public that the source of her services is from a Rooter Man brand franchise.

112.    Paige Hart failed to comply with A Corp.'s cease and desist demand and continued using the Rooter Man Marks and name.

113.    Paige Hart's conduct amounted to counterfeit copy and colorable imitation of A Corp.'s registered Rooter Man Marks as used in connection with plumbing, sewer, and drain cleaning services.  By such use, Paige Hart likely to cause confusion, or to cause mistake, or to deceive, all constituted willful federal trademark infringement of the Rooter Man Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

114.    As a result, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill, and reputation in the field.

115.    Paige Hart's intentional infringement of A Corp.'s Rooter Man Marks entitles A Corp. to injunctive relief, actual damages, her profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

116.    Given the willful nature of Paige Hart's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp.  demands judgment in its favor on Count V of this Complaint together with interest, costs, and attorney fees.

**COUNT VI**
**False Designations of Origin, False Descriptions**
**(Against Kenny Hart d/b/a Palmetto Group Investments Inc.**
**And Palmetto Group Investments LLC)**

117.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-116 .

118.    Given the former franchise relationship with A Corp., there is no doubt that Palmetto Group knew of A Corp.'s rights to the Rooter Man Marks when it subsequently used the Rooter Man Marks in violation of the Franchise Agreement and after the termination of the Franchise Agreement without A Corp.'s authorization.

119.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's subsequent and unauthorized use of the Rooter Man Marks associated with the same plumbing related services as other Rooter Man franchises and use of the same contact phone number that was designated for their former Rooter Man franchise is likely to cause confusion as to the business relationship and/or affiliation between them and A Corp.

120.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC refused to cease the unauthorized and unlawful use of the A Corp.'s Rooter Man Marks.

121.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's knowing and unauthorized use of the Rooter Man Marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the Rooter Man Marks.

122.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's willful infringement entitles A Corp. to injunctive relief, actual damages,  Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's profits,

plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

123.    Given the willful nature of Palmetto Group's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count VI of this Complaint together with interest, costs, and attorney fees.

## COUNT VII
### False Designations of Origin, False Descriptions
### (Against Kenny Hart)

124.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-123.

125.    Given the former franchise relationship with A Corp., there is no doubt that Kenny Hart knew of A Corp.'s rights to the Rooter Man Marks when he subsequently used the Rooter Man Marks in violation of the Franchise Agreement and after the termination of the Franchise Agreement without A Corp.'s authorization.

126.    Kenny Hart's subsequent and unauthorized use of the Rooter Man Marks associated with the same plumbing related services as other Rooter Man franchises and use of the same phone number that was designated for his former Rooter Man franchise is likely to cause confusion as to the business relationship and/or affiliation between Kenny Hart and A Corp.

127.    Kenny Hart's unauthorized use of the Rooter Man Marks caused actual confusion as to affiliation and/or business relationship with A Corp., as is evidenced by the BBB Complaint filed by Kenny Hart's customers who mistakenly believed that they hired a "Rooter Man" brand business or franchise.

128.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Kenny Hart refused to cease the unauthorized and unlawful use of the A Corp.'s Rooter Man Marks.

129.    Kenny Hart's knowing and unauthorized use of the Rooter Man Marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the   Rooter Man Marks.

130.    Kenny Hart's willful infringement entitles A Corp. to injunctive relief, actual damages, his profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

131.    Given the willful nature of Kenny Hart's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count VII of this Complaint together with interest, costs, and attorney fees.

## COUNT VIII
### False Designations of Origin, False Descriptions
### (Against Rooter Man Home Services LLC)

132.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-131.

133.    Given the former franchise relationship with A Corp., there is no doubt that Kenny Hart knew of A Corp.'s rights to the Rooter Man Marks when he subsequently used the Rooter Man Marks to name and maintains the operation of the Rooter Man Home Services LLC all without A Corp.'s authorization or consent.

134.    Rooter Man Home Services LLC's subsequent and unauthorized use of the Rooter Man Marks associated with the same plumbing related services as all the other Rooter Man franchises is likely to cause confusion as to the business relationship and/or affiliation between it and A Corp.

135.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Rooter Man Home Services LLC refused to cease in the unauthorized and unlawful use of the A Corp.'s Rooter Man Marks.

136.    Rooter Man Home Services LLC's knowing and unauthorized use of the Rooter Man Marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the Rooter Man Marks.

137.    Rooter Man Home Services LLC's willful infringement entitles A Corp. to injunctive relief, actual damages, Rooter Man Home Services LLC's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

138.    Given the willful nature of Rooter Man Home Services LLC's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count VIII of this Complaint together with interest, costs, and attorney fees.

## COUNT IX
### False Designations of Origin, False Descriptions
### (Against Rooter Man Plumbing of the Carolinas LLC)

139.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-138.

140.    Given the former franchise relationship with A Corp., there is no doubt that Kenny Hart knew of A Corp.'s rights to the Rooter Man Marks when he subsequently used the Rooter Man Marks to name and maintain the operation of the Rooter Man Plumbing of the Carolinas LLC all without A Corp.'s authorization or consent.

141.    Rooter Man Plumbing of the Carolinas LLC's subsequent and unauthorized use of the Rooter Man Marks associated with the same plumbing related services as other Rooter Man franchises is likely to cause confusion as to the business relationship and/or affiliation between it and A Corp.

142.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Rooter Man Plumbing of the Carolinas LLC refused to cease in the unauthorized and unlawful use of the A Corp.'s Rooter Man Marks.

143.    Rooter Man Plumbing of the Carolinas LLC's knowing and unauthorized use of the Rooter Man Marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the   Rooter Man Marks.

144.    Rooter Man Plumbing of the Carolinas LLC's willful infringement entitles A Corp. to injunctive relief, actual damages, Rooter Man Plumbing of the Carolinas LLC's profits, plus

costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

145.    Given the willful nature of Rooter Man Plumbing of the Carolinas LLC's infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count IX of this Complaint together with interest, costs, and attorney fees.

**COUNT X**
**False Designations of Origin, False Descriptions**
**(Against Paige Hart)**

146.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-145.

147.    Given the fact that Paige Hart actively participated in the operation of the Rooter Man franchise formerly granted to her husband Kenny Hart, there is no doubt that Paige Hart knew of A Corp.'s rights to the Rooter Man Marks when she subsequently used the Rooter Man Marks without A Corp.'s authorization.

148.    Paige Hart's subsequent and unauthorized use of the Rooter Man Marks associated with the same plumbing related services as other Rooter Man franchises and use of the same contact phone number that was designated for her husband's former Rooter Man franchise is likely to cause confusion as to the business relationship and/or affiliation between Paige Hart and A Corp.

149.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Paige Hart refused to cease in the unauthorized and unlawful use of the A Corp.'s Rooter Man Marks.

150.    Paige Hart's knowing and unauthorized use of the Rooter Man Marks constituted

willfully false designations of origin and federal unfair competition all as prohibited by §

43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to

use the   Rooter Man Marks.

151.    Paige Hart's willful infringement entitles A Corp. to injunctive relief, actual damages, her

profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee

provided by 15 U.S.C. § 1117 and all other applicable laws.

152.    Given the willful nature of Paige Hart's infringement, A Corp. is entitled to statutory

damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C.

§ 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count X of this Complaint

together with interest, costs, and attorney fees.

### COUNT XI
### Injury to Business Reputation and Trade/Service Mark –Dilution
### (Against Kenny Hart)

153.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-152.

154.    A Corp. has at least since 1981 continuously and in good faith used the Rooter Man

marks in the interstate commerce in the United States and worldwide in connection with

offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning

services.  As a consequence of the use of the mark, the Rooter Man mark have become

distinctive in the minds of the field, business community, and the public of the reputation of

Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

155.    In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

156.    Kenny Hart's subsequent and unauthorized use of the Rooter Man Marks associated with sale of the same services as A Corp.'s Rooter Man franchises is commercial in nature and is used in the interstate commerce, in both SC and NC, without A Corp.'s consent.

157.    The customer who filed the BBB Complaint about the inferior services provided by Kenny Hart who held himself out as Rooter-Man Plumbing of the Carolina's Piedmont after he lost his license to use the Rooter Man Marks, was obviously under the impression that Kenny Hart and the Rooter-Man Plumbing of the Carolina's Piedmont were still associated with Rooter Man brand business or franchises.

158.    Kenny Hart's conduct diluted the distinctive quality of the A Corp.'s Rooter Man Marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the Rooter Man Marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Kenny Hart is associated, endorsed, or affiliated relationship with A Corp.  To date and despite ample warning, Kenny Hart failed to cease the unauthorized and unlawful use of the Rooter Man Marks.

159.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field.

160.    Kenny Hart's conduct constituted willful violation of 15 U.S.C. § 1125(c) and entitles A Corp.to injunctive relief, actual damages, Kenny Hart's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

161.    Given the willful nature of Kenny Hart's infringing conduct, A Corp. is entitled to

statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count XI of this Complaint

together with interest, costs, and attorney fees.

**COUNT XII**
**Injury to Business Reputation and Trade/Service Mark –Dilution**
**(Against Kenny Hart d/b/a Palmetto Group Investments Inc.**
**and Palmetto Group Investments LLC)**

162.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-161.

163.    A Corp. has at least since 1981 continuously and in good faith used the Rooter Man

marks in the interstate commerce in the United States and worldwide in connection with

offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning

services.  As a consequence of the use of the mark, the Rooter Man mark have become

distinctive in the minds of the field, business community, and the public of the reputation of

Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

164.    In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by

Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter

Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

165.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's subsequent and unauthorized use of the Rooter Man Marks associated with sale of the

same services as A Corp.'s Rooter Man franchises is commercial in nature and is used in the

interstate commerce, in both SC and NC, without A Corp.'s consent.

166.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's conduct diluted the distinctive quality of the A Corp.'s Rooter Man Marks, which

caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the

Rooter Man Marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC are associated, endorsed, or affiliated relationship with A Corp. To date and despite ample warning, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC failed to cease the unauthorized and unlawful use of the Rooter Man Marks.

167.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field.

168.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's conduct constituted willful violation of 15 U.S.C. § 1125(c) and entitles A Corp.to injunctive relief, actual damages, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

169.    Given the willful nature of Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's infringing conduct, A Corp. is entitled to statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count XII of this Complaint together with interest, costs, and attorney fees.

### COUNT XIII
### Injury to Business Reputation and Trade/Service Mark –Dilution
### (Against Rooter Man Home Services LLC)

170.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-169.

171.    A Corp. has at least since 1981 continuously and in good faith used the Rooter Man marks in the interstate commerce in the United States and worldwide in connection with offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning services.  As a consequence of the use of the marks, the Rooter Man marks have become distinctive in the minds of the field, business community, and the public of the reputation of Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

172.    In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

173.    Rooter Man Home Services LLC's subsequent and unauthorized use of the Rooter Man Marks associated with sale of the same services as A Corp.'s Rooter Man franchises is commercial in nature and is used in the interstate commerce, in both SC and NC, without A Corp.'s consent.   To date and despite ample warning, Rooter Man Home Services LLC failed to cease   the unauthorized and unlawful use of the Rooter Man Marks.

174.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field.

175.    Rooter Man Home Services LLC's above conduct diluted the distinctive quality of the A Corp.'s Rooter Man Marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the Rooter Man Marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Rooter Man Home Services LLC is associated, endorsed, or affiliated relationship with A Corp.

176.    Rooter Man Home Services LLC's conduct constituted willful violation of 15 U.S.C. §

1125(c) and entitles A Corp.to injunctive relief, actual damages, Rooter Man Home Services

LLC's profits, plus costs, all subject to multiple damages together with a reasonable

attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

177.    Given the willful nature of Rooter Man Home Services LLC's infringing conduct, A

Corp. is entitled to statutory damages in an amount of two (2) million dollars provided by 15

U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count XIII of this Complaint

together with interest, costs, and attorney fees.

## COUNT XIV
### Injury to Business Reputation and Trade/Service Mark –Dilution
### (Against Rooter Man Plumbing of the Carolinas LLC)

178.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-177.

179.    A Corp. has at least since 1981 continuously and in good faith used the Rooter Man

marks in the interstate commerce in the United States and worldwide in connection with

offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning

services.  As a consequence of the use of the marks, the Rooter Man marks have become

distinctive in the minds of the field, business community, and the public of the reputation of

Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

180.    In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by

Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter

Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

181.    Rooter Man Plumbing of the Carolinas LLC's subsequent and unauthorized use of the

Rooter Man Marks associated with sale of the same services as A Corp.'s Rooter Man

franchises is commercial in nature and is used in the interstate commerce, in both SC and NC, without A Corp.'s consent.  To date and despite ample warning, Rooter Man Plumbing of the Carolinas LLC failed to cease the unauthorized and unlawful use of the Rooter Man Marks.

182.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field.

183.    Rooter Man Plumbing of the Carolinas LLC's above conduct diluted the distinctive quality of the A Corp.'s Rooter Man Marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the Rooter Man Marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Rooter Man Plumbing of the Carolinas LLC is associated, endorsed, or affiliated relationship with A Corp.

184.    Rooter Man Plumbing of the Carolinas LLC's conduct constituted willful violation of 15 U.S.C. § 1125(c) and entitles A Corp.to injunctive relief, actual damages, Rooter Man Plumbing of the Carolinas LLC's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

185.    Given the willful nature of Rooter Man Plumbing of the Carolinas LLC's infringing conduct, A Corp. is entitled to statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count XIV of this Complaint together with interest, costs, and attorney fees.

## COUNT XV
### Injury to Business Reputation and Trade/Service Mark –Dilution
### (Against Paige Hart)

186.    A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-185.

187.    A Corp. has at least since 1981 continuously and in good faith used the Rooter Man marks in the interstate commerce in the United States and worldwide in connection with offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning services.  As a consequence of the use of the marks, the Rooter Man marks have become distinctive in the minds of the field, business community, and the public of the reputation of Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

188.    In 2020, A Corp.'s Rooter Man franchise had been ranked #1 Plumbing Franchise by Entrepreneur Magazine for the 18th consecutive year; and among the top franchises, Rooter Man brand was ranked #85 in Entrepreneur Magazine's Annual Franchise 500.

189.    Paige Hart's subsequent and unauthorized use of the Rooter Man Marks associated with sale of the same services as A Corp.'s Rooter Man franchises is commercial in nature and is used in the interstate commerce, in both SC and NC, without A Corp.'s consent.   To date and despite ample warning, Paige Hart failed to cease the unauthorized and unlawful use of the Rooter Man Marks.

190.    As a result, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field.

191.    Paige Hart's conduct diluted the distinctive quality of the A Corp.'s Rooter Man Marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the Rooter Man Marks, potential loss of business, injury to its goodwill and reputation in

the field since members of the public may erroneously believe that Paige Hart in some

associated, endorsed, or affiliated relationship with A Corp.

192.    Paige Hart's conduct constituted willful violation of 15 U.S.C. § 1125(c) and entitles A

Corp.to injunctive relief, actual damages, Paige Hart's profits, plus costs, all subject to

multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117

and all other applicable laws.

193.    Given the willful nature of Paige Hart's infringing conduct, A Corp. is entitled to

statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count XV of this Complaint

together with interest, costs, and attorney fees.

## COUNT XVI
## Cybersquatting
## (Against Kenny Hart)

194.    A Corp. repeats and realleges the statements set forth in paragraphs 1-193.

195.    With actual knowledge of A Corp.'s federal registrations of the Rooter Man Marks, and

without A Corp.'s authorization, Kenny Hart registered or caused to be registered Infringing

Domains getrooterman.com and rootermanyork.com, which contain the wording "rooterman"

that is confusingly similar, if not identical, to A Corp.'s Rooter Man Marks.

196.    Kenny Hart's registrations of the 2 Infringing Domains were obtained subsequent to the

registrations of A Corp's Rooter Man Marks without authorization in attempt to unlawfully

profit from the A Corp.'s Rooter Man Marks.

197.    A Corp.'s Rooter Man Marks were distinctive and incontestable at the time when the

infringing domains were created and first registered.

198.    Kenny Hart used the 2 Infringing Domains to develop websites to solicitate, offer and sell

plumbing related services in competition with A Corp.'s Rooter Man franchises and refused

to comply with A Corp's demands to transfer the domains to A Corp. or cancel the domain

registrations.

199.    Kenny Hart's conduct constituted cybersquatting in violation of the Anticybersquatting

Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

200.    As a result, A Corp. suffered damages to be determined at trial or A Corp. has the right to

elect statutory damages from $1,000.00 up to $100,000.00 per infringing domain.

WHEREFORE, A Corp. demands judgment in its favor on Count XVI of this Complaint

together with interest, costs, and attorney fees.

### COUNT XVII
### Cybersquatting
### (Against Kenny Hart d/b/a Palmetto Group Investments Inc.
### and Palmetto Group Investments LLC)

201.    A Corp. repeats and realleges the statements set forth in paragraphs 1-200.

202.    With actual knowledge of A Corp.'s federal registrations of the Rooter Man Marks, and

without A Corp.'s authorization, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or

Palmetto Group Investments LLC registered or caused to be registered Infringing Domains

getrooterman.com and rootermanyork.com, which contain the wording "rooterman" that is

confusingly similar, if not identical, to A Corp.'s Rooter Man Marks.

203.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's registrations of the 2 Infringing Domains were obtained subsequent to the

registrations of A Corp's Rooter Man Marks without authorization in attempt to unlawfully

profit from the A Corp.'s Rooter Man Marks.

204.    A Corp.'s Rooter Man Marks were distinctive and incontestable at the time when the infringing domains were created and first registered.

205.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC used the 2 Infringing Domains to develop websites to solicitate, offer and sell plumbing related services in competition with A Corp.'s Rooter Man franchises and refused to comply with A Corp's demands to transfer the domains to A Corp. or cancel the domain registrations.

206.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's conduct constituted cybersquatting in violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

207.    As a result, A Corp. suffered damages to be determined at trial or A Corp. has the right to elect statutory damages from $1,000.00 up to $100,000.00 per infringing domain.

WHEREFORE, A Corp. demands judgment in its favor on Count XVII of this Complaint together with interest, costs, and attorney fees.

## COUNT XVIII
## Cybersquatting
### (Against Paige Hart)

208.    A Corp. repeats and realleges the statements set forth in paragraphs 1-207.

209.    With actual knowledge of A Corp.'s federal registrations of the Rooter Man Marks, and without A Corp.'s authorization, Paige Hart registered or caused to be registered the Infringing Domains getrooterman.com and rootermanyork.com, which contain the wording "rooterman" that is confusingly similar, if not identical, to A Corp.'s Rooter Man marks.

210.    Paige Hart's registrations of the 2 Infringing Domains were obtained subsequent to the registrations of A Corp's Rooter Man Marks without authorization in attempt to unlawfully profit from the A Corp.'s Rooter Man Marks.

211.    A Corp.'s Rooter Man Marks were distinctive and incontestable at the time when the infringing domains were created and first registered.

212.    Paige Hart used the Infringing Domains to develop websites to solicitate, offer and sell plumbing related services in competition with A Corp.'s Rooter Man franchises and refused to comply with A Corp's demands to transfer the domains to A Corp. or cancel the domain registrations.

213.    Paige Hart's conduct constituted cybersquatting in violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

214.    As a result, A Corp. suffered damages to be determined at trial or A Corp. has the right to elect statutory damages from $1,000.00 up to $100,000.00 per infringing domain.

WHEREFORE, A Corp. demands judgment in its favor on Count XVIII of this Complaint together with interest, costs, and attorney fees.

### COUNT XIX
### Copyright Infringement
### (Against Kenny Hart)

215.    A Corp. repeats and realleges the statements set forth in paragraphs 1-214.

216.    A Corp. is the author of its website content published on www.rooterman.com and obtained registration of the copyright to its website content published at www.rooterman.com with the United States Copyright Office on August 4, 2015, Reg. No. TX 8-253-353 ("Copyrighted Content").

217.    Among the exclusive rights granted to A Corp. under the Copyright Act are exclusive

rights to reproduce the Copyrighted Content and to distribute the Copyrighted Content to the

public.

218.    Without permission or consent of A Corp., Kenny Hart copied, used, and continues using

the Copyrighted Content on the infringing website at www.rootermanyork.com to   solicitate

and sell plumbing related services, where most unauthorized copies were verbatim.

219.    Kenny Hart's conduct constituted copyright infringement in violation of Copyright Act,

17 U.S.C. § 501.

220.    As a result, A Corp. is entitled to statutory damages pursuant to 17 U.S.C. § 504 for

Kenny Hart's infringement and is further entitled to its reasonable attorney's fees and costs

pursuant to 17 U.S.C. § 505.

221.    Kenny Hart's conduct caused and will continue causing irreparable damages to A Corp.

which cannot be compensated or measured in money unless they are enjoyed and restrained

by this Court.  Pursuant to 17 U.S.C. §§ 502 and 503, A Corp. is entitled to injunctive relief

prohibiting Kenny Hart from further infringing A Corp.'s copyrights and ordering Kenny

Hart to remove all Copyrighted Content from any such website that are owned, developed,

controlled, or supported by Kenny Hart.

WHEREFORE, A Corp. demands judgment in its favor on Count XIX of this Complaint

together with interest, costs, and attorney's fees.

**COUNT XX**
**Copyright Infringement**
**(Against Kenny Hart d/b/a Palmetto Group Investments Inc.**
**And Palmetto Group Investments LLC)**

222.    A Corp. repeats and realleges the statements set forth in paragraphs 1-221.

48

223.    A Corp. is the author of its website content published on www.rooterman.com and

obtained registration of the copyright to its website content published at www.rooterman.com

with the United States Copyright Office on August 4, 2015, Reg. No. TX 8-253-353

("Copyrighted Content").

224.    Among the exclusive rights granted to A Corp. under the Copyright Act are exclusive

rights to reproduce the Copyrighted Content and to distribute the Copyrighted Content to the

public.

225.    Without permission or consent of A Corp., Kenny Hart d/b/a Palmetto Group Investments

Inc. and/or Palmetto Group Investments LLC copied, used, and continues using the

Copyrighted Content on the infringing website at www.rootermanyork.com to   solicitate and

sell plumbing related services, where most unauthorized copies were verbatim.

226.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's conduct constituted copyright infringement in violation of Copyright Act, 17 U.S.C. §

501.

227.    As a result, A Corp. is entitled to statutory damages pursuant to 17 U.S.C. § 504 for

Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's infringement and is further entitled to its reasonable attorney's fees and costs pursuant

to 17 U.S.C. § 505.

228.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's conduct caused and will continue causing irreparable damages to A Corp. which

cannot be compensated or measured in money unless they are enjoyed and restrained by this

Court.  Pursuant to 17 U.S.C. §§ 502 and 503, A Corp. is entitled to injunctive relief

prohibiting Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group

Investments LLC from further infringing A Corp.'s copyrights and ordering Kenny Hart

d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC to remove

all Copyrighted Content from any such website that are owned, developed, controlled, or

supported by them.

WHEREFORE, A Corp. demands judgment in its favor on Count XX of this Complaint

together with interest, costs, and attorney's fees.

**COUNT XXI**
**Copyright Infringement**
**(Against Paige Hart)**

229.    A Corp. repeats and realleges the statements set forth in paragraphs 1-228.

230.    A Corp. is the author of its website content published on www.rooterman.com and

obtained registration of the copyright to its website content published at www.rooterman.com

with the United States Copyright Office on August 4, 2015, Reg. No. TX 8-253-353

("Copyrighted Content").

231.    Among the exclusive rights granted to A Corp. under the Copyright Act are exclusive

rights to reproduce the Copyrighted Content and to distribute the Copyrighted Content to the

public.

232.    Without permission or consent of A Corp., Paige Hart have copied, used, and continues

using the Copyrighted Content on the infringing website at www.rootermanyork.com to

solicitate and sell plumbing related services, where most unauthorized copies were verbatim.

233.    Paige Hart's conduct constituted copyright infringement in violation of Copyright Act, 17

U.S.C. § 501.

234.    As a result, A Corp. is entitled to statutory damages pursuant to 17 U.S.C. § 504 for Paige

Hart's infringement and is further entitled to its reasonable attorney's fees and costs pursuant

to 17 U.S.C. § 505.

235.    Paige Hart's conduct caused and will continue causing irreparable damages to A Corp.

which cannot be compensated or measured in money unless they are enjoyed and restrained

by this Court.  Pursuant to 17 U.S.C. §§ 502 and 503, A Corp. is entitled to injunctive relief

prohibiting Paige Hart from further infringing A Corp.'s copyrights and ordering Paige Hart

to remove all Copyrighted Content from any such website that are owned, developed,

controlled, or supported by Paige Hart.

WHEREFORE, A Corp. demands judgment in its favor on Count XXI of this Complaint together

with interest, costs, and attorney's fees.

## COUNT XXII
### Breach of Contract
### (Against Kenny Hart d/b/a Palmetto Group Investments Inc.
### And Palmetto Group Investments LLC)

236.    A Corp. repeats and realleges the statements set forth in paragraphs 1-235.

237.    The Franchise Agreement is a valid contract between Kenny Hart d/b/a Palmetto Group

Investments Inc. and/or Palmetto Group Investments LLC and A Corp.

238.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC breached the Franchise Agreement by failing to make payments to A Corp. required

pursuant to the Franchise Agreement.

239.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC breached the Franchise Agreement by using the Rooter Man Marks beyond the scope of

the licensed right granted through the Franchise Agreement without A Corp.'s authorization

and failed to de-identify after the termination of the Franchise Agreement.

240.    A Corp. fully performed its contractual obligations.

241.    As a result, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXII of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXIII
### Breach of Contract
### (Against Kenny Hart)

242.    A Corp. repeats and realleges the statements set forth in paragraphs 1-241.

243.    The Franchise Agreement is a valid contract between Kenny Hart (as a personal guarantor) and A Corp.

244.    Kenny Hart breached the Franchise Agreement by failing to make payments to A Corp. required pursuant to the Franchise Agreement.

245.    Kenny Hart breached the Franchise Agreement by using the Rooter Man Marks beyond the scope of the licensed right granted through the Franchise Agreement without A Corp.'s authorization and failed to de-identify after the termination of the Franchise Agreement.

246.    A Corp. fully performed its contractual obligations.

247.    As a result, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXIII of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXIV
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against Kenny Hart d/b/a Palmetto Group Investments Inc.
### and Palmetto Group Investments LLC)

248.    A Corp. repeats and realleges the statements set forth in paragraphs 1-247.

249.    As parties to the Franchise Agreement, A Corp. and Kenny Hart d/b/a Palmetto Group
Investments Inc. and/or Palmetto Group Investments LLC owed implied duties of good faith
and fair dealing to each other.

250.    A Corp. met its duty of good faith and fair dealing to Kenny Hart d/b/a Palmetto Group
Investments Inc. and/or Palmetto Group Investments LLC and fully performed its contractual
obligations.

251.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments
LLC failed to fulfill its duty of good faith and fair dealing by failing to pay A Corp as
required by the Franchise Agreement, using A Corp.'s Rooter Man Marks beyond the scope
of the licensed rights without A Corp.'s authorization, and refusing to stop the unauthorized
use after the termination of the Franchise Agreement and after A Corp.'s cease and desist
demands.

252.    As a result, A Corp has suffered and continues to suffer harm including without
limitation monetary damages and damages to its reputation in the field.

WHEREFORE, A Corp. demands judgment in its favor on Count XXIV of this Complaint
together with interest, costs, and attorney's fees.

## COUNT XXV
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against Kenny Hart)

253.    A Corp. repeats and realleges the statements set forth in paragraphs 1-252.

254.    As parties to the Franchise Agreement, A Corp. and Kenny Hart owed implied duties of
good faith and fair dealing to each other.

255.    A Corp. met its duty of good faith and fair dealing to Kenny Hart and fully performed its
contractual obligations.

256.    Kenny Hart failed to fulfill his duty of good faith and fair dealing by failing to pay A

Corp as required by the Franchise Agreement, using A Corp.'s Rooter Man Marks beyond

the scope of the licensed rights without A Corp.'s authorization, and refusing to stop the

unauthorized use after the termination of the Franchise Agreement and after A Corp.'s cease

and desist demands.

257.    As a result, A Corp has suffered and continues to suffer harm including without

limitation monetary damages and damages to its reputation in the field.

WHEREFORE, A Corp. demands judgment in its favor on Count XXV of this Complaint

together with interest, costs, and attorney's fees.

## COUNT XXVI
### Interference With Contractual Relation
### (Against Kenny Hart d/b/a Palmetto Group Investments Inc.
### and Palmetto Group Investments LLC)

258.    A Corp. repeats and realleges the statements set forth in paragraphs 1-257.

259.    A Corp. has franchise agreement with another Rooter Man franchise in licensed areas in

Gaston and Charlotte Counties of North Carolina, which was not licensed to Palmetto Group.

260.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC knowingly advertised and continued advertising for plumbing and sewer related

services in the other Rooter Man Franchise's territory using the Rooter Man name/mark and

the same contact phone number that was designated for Kenny Hart d/b/a Palmetto Group

Investments Inc. and/or Palmetto Group Investments LLC's  former Rooter Man franchise

and refused to stop said unauthorized advertisements as A Corp. required.

261.    A Corp. is at peril to lose the franchise in Gaston and Charlotte Counties as a result of

Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments

LLC's above conduct.

262.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's conduct constituted interference of the franchise agreement between A Corp. and the other Rooter Man franchise.

263.    As a result, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXVI of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXVII
### Interference With Contractual Relation
### (Against Kenny Hart)

264.    A Corp. repeats and realleges the statements set forth in paragraphs 1-263.

265.    A Corp. has franchise agreement with another Rooter Man franchise in licensed areas in Gaston and Charlotte Counties of North Carolina, which was not licensed to Kenny Hart.

266.    Kenny Hart knowingly advertised and continued advertising for plumbing and sewer related services in the other Rooter Man Franchise's territory using the Rooter Man name/mark and the same contact phone number that was designated for Kenny Hart's former Rooter Man franchise and refused to stop said unauthorized advertisements as A Corp. required.

267.    A Corp. is at peril to lose the franchise in Gaston and Charlotte Counties as a result of Kenny Hart's above conduct.

268.    Kenny Hart's conduct constituted interference of the franchise agreement between A Corp. and the other Rooter Man franchise.

269.    As a result, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXVII of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXVIII
### Interference With Contractual Relation
### (Against Paige Hart)

270.    A Corp. repeats and realleges the statements set forth in paragraphs 1-269.

271.    A Corp. has franchise agreement with another Rooter Man franchise in licensed areas in
Gaston and Charlotte Counties of North Carolina, which was not licensed to Paige Hart.

272.    Paige Hart knowingly advertised and continued advertising for plumbing and sewer
related services in the other Rooter Man Franchise's territory using the Rooter Man
name/mark and the same contact phone number that was designated for her husband Kenny
Hart's former Rooter Man franchise and refused to stop said unauthorized advertisements as
A Corp. required.

273.    A Corp. is at peril to lose the franchise in Gaston and Charlotte Counties as a result of
Paige Hart's above conduct.

274.    Paige Hart's conduct constituted interference of the franchise agreement between A Corp.
and the other Rooter Man franchise.

275.    As a result, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXVIII of this Complaint
together with interest, costs, and attorney's fees.

## COUNT XXIX
### Conversion
### (Against Kenny Hart d/b/a Palmetto Group Investments Inc.
### and Palmetto Group Investments LLC)

276.    A Corp. repeats and realleges the statements set forth in paragraphs 1-275.

277.    With its continuous and consistent use of the Rooter Man Marks through its Rooter Man
franchisees in the State of North Carolina and South Carolina in the past 20 years, A Corp.
has established substantial goodwill associated with the Rooter Man Marks in both States.

278.    All intellectual property and goodwill associated with the Rooter Man Marks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Rooter Man Marks, is and shall remain the property of A Corp.

279.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's unauthorized use of Rooter Man Marks was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man Marks.

280.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's conduct constituted conversion that injured A Corp.

281.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXIX of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXX
### Conversion
### (Against Kenny Hart)

282.    A Corp. repeats and realleges the statements set forth in paragraphs 1-282.

283.    With its continuous and consistent use of the Rooter Man Marks through its Rooter Man franchisees in the State of North Carolina and South Carolina in the past 20 years, A Corp. has established substantial goodwill associated with the Rooter Man Marks in both States.

284.    All intellectual property and goodwill associated with the Rooter Man Marks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Rooter Man Marks, is and shall remain the property of A Corp.

285.    Kenny Hart's unauthorized use of Rooter Man Marks was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man Marks.

286.    Kenny Hart's conduct constituted conversion that injured A Corp.

287.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXX of this Complaint together with interest, costs, and attorney's fees.

### COUNT XXXI
### Conversion
### (Against Rooter Man Home Services LLC)

288.    A Corp. repeats and realleges the statements set forth in paragraphs 1- 287.

289.    With its continuous and consistent use of the Rooter Man Marks through its Rooter Man franchisees in the State of North Carolina and South Carolina in the past 20 years, A Corp. has established substantial goodwill associated with the Rooter Man Marks in both States.

290.    All intellectual property and goodwill associated with the Rooter Man Marks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Rooter Man Marks, is and shall remain the property of A Corp.

291.    Rooter Man Home Services LLC's unauthorized use of Rooter Man Marks was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man Marks.

292.    Rooter Man Home Services LLC's conduct constituted conversion that injured A Corp.

293.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXI of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXXII
### Conversion
### (Against Rooter Man Plumbing of the Carolinas LLC)

294.    A Corp. repeats and realleges the statements set forth in paragraphs 1-293.

295.    With its continuous and consistent use of the Rooter Man Marks through its Rooter Man

franchisees in the State of North Carolina and South Carolina in the past 20 years, A Corp.

has established substantial goodwill associated with the Rooter Man Marks in both States.

296.    All intellectual property and goodwill associated with the Rooter Man Marks, including

the goodwill generated by the Franchisees and all other franchisees while conducting busi-

ness under the Rooter Man Marks, is and shall remain the property of A Corp.

297.    Rooter Man Plumbing of the Carolinas LLC's unauthorized use of Rooter Man Marks

was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man Marks.

298.    Rooter Man Plumbing of the Carolinas LLC's conduct constituted conversion that injured

A Corp.

299.    As a result, A Corp. suffered and continues suffering damages in an amount to be

determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXII of this Complaint

together with interest, costs, and attorney's fees.

## COUNT XXXIII
### Conversion
### (Against Paige Hart)

300.    A Corp. repeats and realleges the statements set forth in paragraphs 1-299.

301.    With its continuous and consistent use of the Rooter Man Marks through its Rooter Man

franchisees in the State of North Carolina and South Carolina in the past 20 years, A Corp.

has established substantial goodwill associated with the Rooter Man Marks in both States.

302.    All intellectual property and goodwill associated with the Rooter Man Marks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Rooter Man Marks, is and shall remain the property of A Corp.

303.    Paige Hart's unauthorized use of Rooter Man Marks was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man Marks.

304.    Paige Hart's conduct constituted conversion that injured A Corp.

305.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXIII of this Complaint together with interest, costs, and attorney's fees.

**COUNT XXXIV**
**Unjust Enrichment**
**(Against Kenny Hart d/b/a Palmetto Group Investments Inc.**
**and Palmetto Group Investments LLC)**

306.    A Corp. repeats and realleges the statements set forth in paragraphs 1-305.

307.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's knowing and unauthorized use of the A Corp.'s Rooter Man Marks in violation of A Corp.'s trademark rights was for commercial purpose.

308.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC's failed to pay A Corp. for his unauthorized use of the Rooter Man Marks and failed to pay as required by the Franchise Agreement.

309.    Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC was unjustly enriched by its above conduct and caused damages to A Corp.

310.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXIV of this Complaint together with interest, costs, and attorney's fees.

### COUNT XXXV
### Unjust Enrichment
### (Against Kenny Hart)

311. A Corp. repeats and realleges the statements set forth in paragraphs 1-310.

312. Kenny Hart's knowing and unauthorized use of the A Corp.'s Rooter Man Marks in violation of A Corp.'s trademark rights was for commercial purpose.

313. Kenny Hart failed to pay A Corp. for his unauthorized use of the Rooter Man Marks and failed to pay as required by the Franchise Agreement. Kenny Hart was unjustly enriched by its above conduct and caused damages to A Corp.

314. As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXV of this Complaint together with interest, costs, and attorney's fees.

### COUNT XXXVI
### Unjust Enrichment
### (Against Paige Hart)

315. A Corp. repeats and realleges the statements set forth in paragraphs 1-314.

316. Paige Hart's knowing and unauthorized use of the A Corp.'s Rooter Man Marks in violation of A Corp.'s trademark rights was for commercial purpose.

317. Paige Hart failed to pay A Corp. for her unauthorized use of the Rooter Man Marks.

318. Paige Hart was unjustly enriched by its above conduct and caused damages to A Corp.

319. As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXVI of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXXVII
### Unjust Enrichment
### (Against Rooter Man Home Services LLC)

320.    A Corp. repeats and realleges the statements set forth in paragraphs 1-319.

321.    Rooter Man Home Service LLC's knowing and unauthorized use of the A Corp.'s Rooter Man Marks in violation of A Corp.'s trademark rights was for commercial purpose.

322.    Rooter Man Home Service LLC did not to pay A Corp. for its unauthorized use of the Rooter Man Marks.

323.    Rooter Man Home Service LLC was unjustly enriched by its above conduct and caused damages to A Corp.

324.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXVII of this Complaint together with interest, costs, and attorney's fees.

## COUNT XXXVIII
### Unjust Enrichment
### (Against Rooter Man Plumbing of the Carolinas LLC)

325.    A Corp. repeats and realleges the statements set forth in paragraphs 1-324.

326.    Rooter Man Plumbing of the Carolinas LLC's knowing and unauthorized use of the A Corp.'s Rooter Man Marks in violation of A Corp.'s trademark rights was for commercial purpose.

327.    Rooter Man Plumbing of the Carolinas LLC did not pay A Corp. for its unauthorized use of the Rooter Man Marks.

328.    Rooter Man Plumbing of the Carolinas LLC was unjustly enriched by its above conduct and caused damages to A Corp.

329.    As a result, A Corp. suffered and continues suffering damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXVIII of this Complaint together with interest, costs, and attorney's fees.

### COUNT XXXIX
### Fraud
### (Against Hunter)

330.    A Corp. repeats and realleges the statements set forth in paragraphs 1-329.

331.    Hunter's email to A Corp. dated March 31, 2020 made a false representation that Kenny Hart "passed" on March 18, 2020.  Hunter knew that such representation was false.

332.    Hunter made the false statement with intent to induce A Corp. to act in reliance on the false representation and to avoid liabilities against his parents and other Defendants.

333.    A Corp. relied on Hunter's false representation and delayed its action to enforce its legal rights against Hunter's parents and other Defendants.

334.    As a result, A Corp. suffered and continues suffering damages including without limitation monetary damages of the amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XXXIX of this Complaint together with interest, costs, and attorney's fees.

### COUNT XL
### Fraud
### (Against Kenny Hart)

335.    A Corp. repeats and realleges the statements set forth in paragraphs 1-334.

336.    The email to A Corp. dated March 31, 2020 in the name of "Hunter Chase Hart" made a false representation that Kenny Hart "passed" on March 18, 2020.

337.    Available information indicated that the  false representation could be made by Kenny Hart using Hunter's name.

338.    Kenny Hart knowingly made the false statement with intent to induce A Corp. to act in reliance on the false representation and to avoid liabilities against him and/or other Defendants.

339.    A Corp. relied on Kenny Hart's false representation and delayed its action to enforce its legal rights against him and other Defendants.

340.    As a result, A Corp. suffered and continues suffering damages including without limitation monetary damages of the amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XL of this Complaint together with interest, costs, and attorney's fees.

## REQUESTS FOR RELIEF

WHERFORE, Plaintiff A Corp. hereby respectfully requests that this honorable Court enter Judgment in its favor as follows:

1.    Temporarily restrain, preliminarily and permanently enjoin Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, Rooter Man Home Services LLC, Rooter Man Plumbing of the Carolinas LLC, Paige Hart, Hunter, and their agents, representatives, and assigns from using A Corp.'s trademarks or their variants in any manner whatsoever, directly or indirectly, which include without limitation the following:

    a.   Rooter Man (and design) on September 3, 1991 (Reg. No. 1,655,782);

    b.   Rooter Man (words only) on October 12, 2010 (Reg. No. 3,859,654);

    c.   A Rooter Man to the Rescue (and design) on August 20, 1991 (Reg. No. 1,654,512);

    d.   Rooter Man Plumbers to the Rescue (and design) on August 14, 2012 (Reg. No. 4,189,503);

    e.   Rooter Man to the Rescue (and design) on March 17, 2020 (Reg. No. 6,013,446);

    f.   Rooter Man cartoon designs on April 7, 2020 (Reg. No. 6,027,468 & 6,027,470); and

    g.   Liquid Rooter (and design) on July 19, 1994 (Reg. No. 1,846,038).

2.    Temporarily restrain, preliminarily and permanently enjoin Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, and Paige Hart, and their agents, representatives, and assigns from infringing A Corp.'s copyrights to its website content by removing all the Copyrighted Content from any such website that are owned, developed, controlled, or supported by Kenny Hart and/or Paige.

3.    Order Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, and Paige Hart, and their agents, representatives, and assigns to cancel or transfer to A Corp. at no cost to A Corp., the registrations of the domains getrooterman.com, rootermanyork.com, and such other domains containing the wording "rooterman" which registered, endorsed, controlled, or supported by Kenny Hart Palmetto Group,  and Paige Hart.

4.    Order Kenny Hart, Kenny Hart d/b/a Palmetto Group Investments Inc. and/or Palmetto Group Investments LLC, Rooter Man Home Services LLC, Rooter Man Plumbing of the Carolinas LLC, Paige Hart, and Hunter Chase Gibney to be required to account for all gains, profits and advantages derived by them as a result of unauthorized use of the Rooter Man Marks.

5.    Enter judgment for A Corp. and against the Defendants on all counts.

6.    Award A Corp. its actual, statutory, or any other damages on all counts in amounts to be determined at trial.

7.    Award A Corp. multiple damages and reasonable attorney fees provided by applicable statutes.

8.    Award A Corp. such other relief as the Court may deem just and proper under the circumstances.

**VERIFICATION**

      I, Donald MacDonald, acting as President and CEO on behalf of A Corp. d/b/a ROOTER MAN, hereby verify that the facts contained in the aforementioned Second Amended Complaint are true and accurate to the best of my knowledge and belief.  Signed under the pains and penalties of perjury this 14th day of July, 2021.

/s/ Donald MacDonald_____
Donald MacDonald
President & CEO
A Corp d/b/a ROOTER MAN

 

Respectfully Submitted
A Corp d/b/a ROOTER MAN
By its attorney,

/s/ Juan Liu_____
Juan (Jenny) Liu, BBO# 655921
P.O. Box 290
N. Billerica, MA 01862
Tel: (978) 670-0718
Fax: (978) 663-0061
Email: lj@jennyliulaw.com

Date:   July 14, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Juan Liu, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this July 14, 2021.

/s/ Juan Liu
Juan Liu