UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.CORP. DBA ROOTER MAN,<br>　　　　　Plaintiff<br><br>v.<br><br>PALMETTO GROUP INVESTMENTS, LLC;<br>ROOTER MAN HOME SERVICES, LLC;<br>ROOTER MAN PLUMBING OF THE<br>CAROLINAS, LLC; KENNETH WAYNE<br>HART DBA PALMETTO GROUP<br>INVESTMENTS, INC.; PAIGE KILLIAN HART;<br>AND HUNTER CHASE GIBNEY AKA HUNTER<br>CHASE HART<br>　　　　　Defendants | C.A. No. 1:20-cv-11901-MLW |

### Answer to the Second Amended Verified Complaint by Paige Hart and Hunter Chase Gibney

Defendants Paige Killian Hart and Hunter Chase Gibney ("Defendants") hereby answer the Second Amended Verified Complaint as follows:

#### Introduction

The introduction of the Complaint does not contain any allegations and therefore no response by the defendants is required. To the extent that a response from these defendants is deemed to be required, denied.

#### Parties

1. The defendants are without sufficient information to admit or deny the allegations in paragraph 1 and they are therefore denied (hereinafter, "are without sufficient information").

2. Are without sufficient information.

1

3. Are without sufficient information.

4. Are without sufficient information.

5. Are without sufficient information.

6. Are without sufficient information.

7. Paige Hart admits that she remains married to Kenneth and resides at the address listed; otherwise, denied.

8. Hunter Gibney admits that he is the son of Paige Hart; otherwise, denied.

## Jurisdiction and Venue

9. This paragraph contains a conclusion of law to which no response by these defendants is required. To the extent a response is required, denied.

10. This paragraph contains a conclusion of law to which no response by these defendants is required. To the extent a response is required, denied.

11. This paragraph contains a conclusion of law to which no response by these defendants is required. To the extent a response is required, denied.

12. This paragraph contains a conclusion of law to which no response by these defendants is required. To the extent a response is required, denied.

## Facts Relevant to All Counts

13. Deny wrongdoing and otherwise are without sufficient information.

14. Deny wrongdoing and otherwise are without sufficient information.

15. Deny wrongdoing and otherwise are without sufficient information.

16. Deny wrongdoing and otherwise are without sufficient information.

17. Deny wrongdoing and otherwise are without sufficient information.

18. Deny wrongdoing and otherwise are without sufficient information.

19.    Deny wrongdoing and otherwise are without sufficient information.

20.    Deny wrongdoing and otherwise are without sufficient information.

21.    Deny wrongdoing and otherwise are without sufficient information.

22.    Deny wrongdoing and otherwise are without sufficient information.

23.    Deny wrongdoing and otherwise are without sufficient information.

24.    Deny wrongdoing and otherwise are without sufficient information.

25.    Defendants are without sufficient information as to the allegations contained in the first sentence of paragraph 25. Defendants deny the allegations in the second sentence of Paragraph 25.

26.    Deny wrongdoing and otherwise are without sufficient information.

27.    Deny wrongdoing and otherwise are without sufficient information.

28.    Deny wrongdoing and otherwise are without sufficient information.

29.    Denied as to Paige Hart, otherwise; are without sufficient information.

30.    Deny wrongdoing and otherwise are without sufficient information.

31.    Deny wrongdoing and otherwise are without sufficient information.

32.    Denied as to Paige Hart, otherwise; are without sufficient information.

33.    Deny wrongdoing and otherwise are without sufficient information.

34.    Deny wrongdoing and otherwise are without sufficient information.

35.    Deny wrongdoing and otherwise are without sufficient information.

36.    Deny wrongdoing and otherwise are without sufficient information.

37.    Deny wrongdoing and otherwise are without sufficient information.

38.    Deny wrongdoing and otherwise are without sufficient information.

39.    Deny wrongdoing and otherwise are without sufficient information.

40. Paragraph 40 refers to a document that speaks for itself. To the extent the allegations are inconsistent with the document, the defendants are without sufficient information.

41. Deny wrongdoing and otherwise are without sufficient information.

42. Deny wrongdoing and otherwise are without sufficient information.

43. Deny wrongdoing and otherwise are without sufficient information.

44. Deny wrongdoing and otherwise are without sufficient information.

45. Deny wrongdoing and otherwise are without sufficient information.

46. Deny wrongdoing and otherwise are without sufficient information.

47. Deny wrongdoing and otherwise are without sufficient information.

48. Deny wrongdoing and otherwise are without sufficient information.

49. (a-d) Denied as to Paige Hart, otherwise; are without sufficient information.

50. These defendants deny that either is or ever was a party to any franchise agreement and therefore deny that any notice was proper or appropriate; deny wrongdoing and are without sufficient information.

51. Deny wrongdoing and otherwise are without sufficient information.

52. Deny wrongdoing and otherwise are without sufficient information.

53. Paragraph 53 refers to a document that speaks for itself. To the extent the allegations are inconsistent with the document, the defendants are without sufficient information.

54. Paragraph 54 refers to a document that speaks for itself. To the extent the allegations are inconsistent with the document, the defendants deny wrongdoing and are without sufficient information.

55. Deny wrongdoing and otherwise are without sufficient information.

56. (a-d) of paragraph 56 refer to documents that speaks for themselves. To the extent the allegations are inconsistent with the document, the defendants are without sufficient information.

57. Deny wrongdoing and otherwise are without sufficient information.

58. Deny wrongdoing and otherwise are without sufficient information.

59. (a-g) of paragraph 59 refer to a website that speaks for itself. To the extent the allegations are inconsistent with the website, the defendants deny wrongdoing and are without sufficient information.

60. Deny wrongdoing and otherwise are without sufficient information.

61. Deny wrongdoing and otherwise are without sufficient information.

62. Paragraph 62 refers to a website that speaks for itself. To the extent the allegations are inconsistent with the website, the defendants deny wrongdoing and are without sufficient information.

63. Denied as to Paige Hart, otherwise; are without sufficient information.

64. Paragraph 62 refers to a document that speaks for itself. To the extent the allegations are inconsistent with the document, the defendants deny wrongdoing and are without sufficient information.

Count I
Federal Trademark Infringement
(Against Kenny Hart)

65-75.  Paragraphs 65 through 75 (Count I) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count II
Federal Trademark Infringement
(Against Kenny Hart d/b/a Palmetto Group Investment, Inc. and
Palmetto Group Investments LLC)

76-86.  Paragraphs 76 through 86 (Count II) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count III
Federal Trademark Infringement
(Against Rooter Man Home Services LLC)

87-96. Paragraphs 87 through 96 (Count III) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count IV
Federal Trademark Infringement
(Against Rooter Man Plumbing of the Carolinas LLC)

97-106. Paragraphs 97 through 106 (Count IV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count V
Federal Trademark Infringement
(Against Paige Hart)

107.    The defendants repeat and incorporate by reference paragraphs 1 through 106 above as if they were fully restated herein.

108.    Are without sufficient information.

109.    Are without sufficient information.

110. Deny any wrongdoing, otherwise are without sufficient information.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

### Count VI
### Federal Designation of Origin, False Descriptions
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and Palmetto Group Investments LLC)

117-123. Paragraphs 117 through 123 (Count VI) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

### Count VII
### Federal Designation of Origin, False Descriptions
(Against Kenny Hart)

124-131. Paragraphs 124-131 (Count VII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

### Count VIII
### Federal Designation of Origin, False Descriptions
(Against Rooter Man Home Services LLC)

132-138. Paragraphs 132 through 138 (Count VIII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count IX
### Federal Designation of Origin, False Descriptions
### (Against Rooter Man Plumbing of the Carolinas LLC)

139-145. Paragraphs 139 through 145 (Count IX) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count X
### Federal Designation of Origin, False Descriptions
### (Against Paige Hart)

146.   The defendants repeat and incorporate by reference paragraphs 1 through 145 above as if they were fully restated herein.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied

151.   Denied.

152.   Denied.

## Count XI
### Injury to Business Reputation and Trade/Service Mark-Dilution
### (Against Kenny Hart)

153-161. Paragraphs 153 through 161 (Count XI) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XII
### Injury to Business Reputation and Trade/Service Mark-Dilution
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

Paragraphs 162-169 (Count XII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XIII
### Injury to Business Reputation and Trade/Service Mark-Dilution
(Against Rooter Man Home Services LLC)

Paragraphs 170-177 (Count XIII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XIV
### Injury to Business Reputation and Trade/Service Mark-Dilution
(Against Rooter Man Plumbing of the Carolinas LLC)

Paragraphs 178-185 (Count XIV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XV
### Injury to Business Reputation and Trade/Service Mark-Dilution
(Against Paige Hart)

186.   The defendants repeat and incorporate by reference paragraphs 1 through 185 above as if they were fully restated herein.

187.   Are without sufficient information.

188.   Are without sufficient information.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

Count XVI
Cybersquatting
(Against Kenny Hart)

194-200. Paragraphs 194 through 200 (Count XVI) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XVII
Cybersquatting
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

201-207. Paragraphs 201 through 207 (Count XVII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XVIII
Cybersquatting
(Against Paige Hart)

208. The defendants repeat and incorporate by reference paragraphs 1 through 207 above as if they were fully restated herein.

209. Denied.

210. Denied.

211. Are without sufficient information.

212. Denied.

213. Denied.

214. Denied.

Count XIX
Copyright Infringement
(Against Kenny Hart)

215-221. Paragraphs 215 through 221 (Count XIX) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XX
Copyright Infringement
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

222-228. Paragraphs 222 through 228 (Count XX) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXI
Copyright Infringement
(Paige Hart)

229.    Defendants repeat and incorporate by reference paragraphs 1 through 228 above as if they were fully restated herein.

230.    Are without sufficient information.

231.    Are without sufficient information.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

Count XXII
Breach of Contract
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

236-241. Paragraphs 236 through 241 (Count XXII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXIII
Breach of Contract
(Against Kenny Hart)

242-247. Paragraphs 242 through 247 (Count XXIII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXIV
Breach of Implied Covenant of Good Faith and Fair Dealing
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

248-252. Paragraphs 248 through 252 (Count XXIV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXV
Breach of Implied Covenant of Good Faith and Fair Dealing
(Against Kenny Hart)

253-257. Paragraphs 253 through 257 (Count XXV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXVI
Interference with Contractual Relation
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

258-263. Paragraphs 258 through 263 (Count XXVI) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXVII
Interference with Contractual Relation
(Against Kenny Hart)

264-269. Paragraphs 264 through 269 (Count XXVII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXVIII
Interference with Contractual Relation
(Against Paige Hart)

270. Defendants repeat and incorporate by reference paragraphs 1 through 269 above as if they were fully restated herein.

271. Are without sufficient information.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

Count XXIX
Conversion
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

276-281. Paragraphs 276 through 281 (Count XXIX) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXX
Conversion
(Against Kenny Hart)

282-287. Paragraphs 282 through 287 (Count XXX) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXXI
Conversion
(Against Rooter Man Home Services LLC)

288-293. Paragraphs 288 through 293 (Count XXXI) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Count XXXII
Conversion
(Against Rooter Man Plumbing of the Carolinas)

294-299. Paragraphs 294 through 299 (Count XXXII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XXXIII
Conversion
(Against Paige Hart)

300. Defendants repeat and incorporate by reference paragraphs 1 through 299 above as if they were fully restated herein.

301. Are without sufficient information.

302. Are without sufficient information

303. Denied.

304. Denied.

305. Denied.

## Count XXXIV
Unjust Enrichment
(Against Kenny Hart d/b/a Palmetto Group Investments Inc. and
Palmetto Group Investments LLC)

306-310. Paragraphs 306 through 310 (Count XXXIV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XXXV
Unjust Enrichment
(Against Kenny Hart)

311-314. Paragraphs 311 through 314 (Count XXXV) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XXXVI
## Unjust Enrichment
## (Against Paige Hart)

315. Defendants repeat and incorporate by reference paragraphs 1 through 314 above as if they were fully restated herein.

316. Denied

317. Denied.

318. Denied.

319. Denied.

## Count XXXVII
## Unjust Enrichment
## (Against Rooter Man Home Services LLC)

320-324. Paragraphs 320 through 324 (Count XXXVII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XXXVIII
## Unjust Enrichment
## (Against Rooter Man Plumbing of the Carolinas LLC)

325-329. Paragraphs 325 through 329 (Count XXXVIII) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

## Count XXXIX
## Fraud
## (Against Hunter)

330. Defendants repeat and incorporate by reference paragraphs 1 through 329 above as if they were fully restated herein.

331. Denied

332. Denied.

333. Denied.

334. Denied.

Count XL<br>Fraud<br>(Against Kenny Hart)

335-340. Paragraphs 335 through 340 (Count XL) are directed to a defendant other than Paige Hart and Hunter Gibney and therefore no answer by these defendants is required.

Defenses

First Defense

341. The Complaint should be dismissed for failure to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6).

Second Defense

342. The Complaint is barred by the doctrine of unclean hands.

Third Defense

343. The Complaint is barred by the doctrine of estoppel.

Fourth Defense

344. The Complaint is barred by the doctrine of waiver.

Fifth Defense

345. The acts or omissions alleged in the Complaint were committed, if at all, by persons/entities for whose conduct these defendants were not and are not legally responsible.

Sixth Defense

346. The Complaint is barred by plaintiff's failure to mitigate any alleged damages.

Seventh Defense

347. The Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2) and 12(e).

Eighth Defense

348. The Complaint is wholly insubstantial, frivolous, and not advanced in good faith in violation of the provisions of M.G.L.c. 231, §6F, Rule 11, and related authorities.

Demand for Jury Trial

The defendants demand a jury trial on all counts so triable.

Respectfully submitted,
PAIGE KILLIAN HART AND HUNTER CHASE GIBNEY

By their attorney,

*/s/ Paul G. Boylan*
Paul G. Boylan (BBO #052320)
Eleni G. Demestihas (BBO #707099)
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, MA 02109
Tel: (617) 807-8958
pboylan@fmglaw.com
edemestihas@fmglaw.com

Dated: August 10, 2021

Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

Dated: August 10, 2021                */s/ Paul G. Boylan*
                                       Paul G. Boylan